## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| Henry Davis | ) |
| 8001 Boundry Drive | ) |
| Forestville, Maryland 20747 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| Department of Youth | ) |
| Rehabilitation Services | ) |
| Youth Services Center | ) |
| 1000 Mt. Olivet Road, N.E. | ) |
| Washington, D.C. 20002 | ) |
| | ) |
| Vincent Schiraldi, Director | )    Civil Action No.: 06-2264 |
| 10000 Mt. Olivet Road, N.E. | ) |
| Washington, D.C. 20002 | ) |
| | ) |
| David Brown, Deputy Director, | ) |
| 8300 Riverton Court | ) |
| Laurel, Maryland  20724 | ) |
| | ) |
| Mark Schindler, Chielf of Staff | ) |
| 8300 Riverton Court | ) |
| Laurel, Maryland  20724 | ) |
| | ) |
| LaVern Evans, Superintendent | ) |
| 8300 Riverton Court | ) |
| Laurel, Maryland  20724 | ) |
| | ) |
| | ) |
| D.J. Thomas, Deputy Superintendent | ) |
| of Operations | ) |
| 8300 Riverton Court | ) |
| Laurel, Maryland  20724 | ) |
| | ) |
| Dexter Dunbar, Deputy Superintendent | ) |
| of Treatment | ) |
| 8300 Riverton Court | ) |
| Laurel, Maryland  20724 | ) |

1

**Cathy Ohler, Human Resources Specialist)**
**Representative                                    )**
**8300 Riverton Court                          )**
**Laurel, Maryland  20724                  )**
                                                       **)**
**Pili Robinson, Senior Consultant to the  )**
**Department of Youth Rehabilitation    )**
**The Missouri Youth Service Institute   )**
**1906 Hayselton, Drive                       )**
**Jefferson City, MO 65109                   )**
                                                       **)**
         **Defendants.                    )**
_____ **)**

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Department of Youth Rehabilitation Services, Vincent Schiraldi, David

Brown, Mark Schindler, LaVern Evans, D.J. Thomas, Dexter Dunbar, and Cathy Ohler

(hereinafter "defendants"), by and through undersigned counsel, and pursuant to Federal Rule of

Civil Procedure 12(b)(5) and/or 12/(b)(6), hereby move that this Honorable Court dismiss the

plaintiff's Complaint.  As grounds therefor, the defendants state that:

1)      Plaintiff has failed to effectuate proper service against the individually named

        defendants.

2)      The plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10;

3)      Defendant Department of Youth Rehabilitation Services is *non sui juris*;

4)      The individually named defendants cannot be held liable under Title VII.

5)      Plaintiff has failed to exhaust her administrative remedies; and

6)      Plaintiff cannot sustain a due process claim under the 5th amendment because he

        has no property interest or expectation of continued employment.

Accordingly, dismissal is appropriate against these defendants.  A Memorandum of Points and

Authorities in support of this Motion, along with a proposed Order, is attached hereto.

<div style="margin-left:3em">

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____

LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295
leah.taylor@dc.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Motion to Dismiss Plaintiff's

Complaint, Memorandum of Points and Authorities in Support thereto, and proposed Order was

mailed, first class, postage prepaid, this 19th day of January 2007, to:

Mr. Henry Davis
8001 Boundry Drive
Forestville, Maryland 20747

<div style="margin-left:3em">

_____/s/ Leticia L. Valdes_____

LETICIA L. VALDES
Assistant Attorney General

</div>

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Henry Davis** ) | |
| **8001 Boundry Drive** ) | |
| **Forestville, Maryland 20747** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Department of Youth** ) | |
| **Rehabilitation Services** ) | |
| **Youth Services Center** ) | |
| **1000 Mt. Olivet Road, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **Vincent Schiraldi, Director** ) | **Civil Action No.: 06-2264** |
| **10000 Mt. Olivet Road, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **David Brown, Deputy Director,** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland 20724** ) | |
| ) | |
| **Mark Schindler, Chielf of Staff** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland 20724** ) | |
| ) | |
| **LaVern Evans, Superintendent** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland 20724** ) | |
| ) | |
| ) | |
| **D.J. Thomas, Deputy Superintendent** ) | |
| **of Operations** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland 20724** ) | |
| ) | |
| **Dexter Dunbar, Deputy Superintendent** ) | |
| **of Treatment** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland 20724** ) | |

4

**Cathy Ohler, Human Resources Specialist)**
**Representative                                )**
**8300 Riverton Court                           )**
**Laurel, Maryland  20724                        )**
**                                               )**
**Pili Robinson, Senior Consultant to the       )**
**Department of Youth Rehabilitation            )**
**The Missouri Youth Service Institute          )**
**1906 Hayselton, Drive                          )**
**Jefferson City, MO 65109                       )**
**                                               )**
**                    Defendants.               )**
**_____ )**

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In support of their motion to dismiss plaintiff's Complaint, defendants state as follows:

### *BACKGROUND*

On or about November 29, 2006, plaintiff filed a complaint against the defendants claiming that his civil rights were violated when he was terminated on October 19, 2006, as Management Supervisory Service employee from the Department of Youth Rehabilitation Services (hereinafter "DYRS"). See Complaint, at pg. 3.  The Complaint is not set forth in numbered paragraphs.  See Complaint, generally.  Plaintiff specifically alleges that he was subjected to retaliatory discharge because of his participation in an investigation of sexual harassment claims against other managers, and for filing a grievance through the union. Complaint, at pg. 9-10.  Plaintiff also alleges that he was defamed when DYRS officials made statements concerning his termination . See Complaint, at pg. 14.  Lastly, plaintiff alleges a 5th amendment due process violation claim because of his termination. See Complaint, at pg. 12.

On or about December 22, 2006, plaintiff filed affidavits of service for all defendants. Those affidavits reflect that on or about November 30, 2006, plaintiff attempted to serve the

defendants with a summons and complaint via certified mail. The defendants were not personally served and the individuals who signed the certified mail receipts did not have the authority to accept service on behalf of the defendants. See attached affidavit.

As set forth below, these defendants are entitled to dismissal of plaintiff's Complaint for the following reasons:  (1) plaintiff failed to effect proper service against the individually named defendants; (2) plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10; (3) plaintiff may not maintain his lawsuit against defendant Department of Youth Rehabilitation Services because the agency is *non sui juris;*  (4) the individually named defendants cannot be held liable for civil rights violations under Title VII, (5) plaintiff has failed to state a claim for a 5th amendment due process violation; and (6) plaintiff has failed to exhaust his administrative remedies.

### *ARGUMENT*

**A.**    **Standard for Motion to Dismiss**

1.    Dismissal Pursuant to Fed. P. Civ. R. 12(b)(5).

Fed. P. Civ. R 12 provides that the following defenses may be made at the option of the pleader by motion:  (5) insufficiency of service of process.  Dismissal is appropriate if the evidence shows that plaintiff's service of process was insufficient.  *See Light v. Wolf,* 259 U.S. App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003, holding, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."

2.      Dismissal Pursuant to Fed. P. Civ. R. 12(b)(6).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

## B.      Plaintiff Has Failed to Effectuate Proper Service

On or about December 29, 2006, the defendants removed this case from the Superior Court of the District of Columbia pursuant to 42 U.S.C. §§ 1441, and 1446. See Docket Entry #1. Section 1446(b) provides that "the notice of removal…shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." These defendants received notice of the Complaint but were not properly served. Pursuant to the express language of Fed. P. Civ. R. 4(e)(2), a plaintiff bringing suit against an individual within the United States must personally serve the individual or their agent with a copy of the summons, complaint and initial order. The language of Fed. P. Civ. R. 4(e)(2) setting forth the elements of

7

proper service on an individual within the United States is unambiguous in its mandate. According to the statute, service may be effected on an individual within the United States by "delivering a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process." The statute sets forth precisely what steps must be taken to properly serve an individual defendant within the United States. Without completion of those steps, including proper delivery of the summons to the individual or their authorized agent, process has not been served.

It is clear that plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2). The defendants were not served, nor was an authorized agent of the defendants served. See attached affidavits.[1] It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004). Plaintiff's failure to properly serve the named defendants in this litigation requires dismissal of his court action against these defendants.

---

[1] *See Bernay v. Sales,* 435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b) 6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath*, 90 U.S.App.D.C. 195, 197-98, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment. *See Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists,* 452 F.2d 794, 798, n. 3 (5th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S. Ct. 2044 (1972)"

**C.    Plaintiff's Complaint Fails to Comport With Fed. P. Civ. R. 10, and Dismissal Is Appropriate.**

Fed. P. Civ. R. 10(b) provides that:

"[a]ll averments of claim…**shall** be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances…."  "Each claim founded upon a separate transction or occurrence … **shall** be stated in a separate count…whenver a separation facilities the clear presentation of the matters set forth."  (Emphasis added.)

As set forth above, the language contained in Rule 10 is mandatory.  Plaintiff filed a 16-page Complaint.  While the initial averments are set forth in numbered paragraphs, the bulk of the Complaint is not and does not satisfy the requirements of Rule 10. See Complaint, pages 2-16. Therefore, dismissal of the Complaint is warranted because plaintiff failed to comply with Rule 10.

**D.    Defendant Department of Youth Rehabilitation Services is Non *Sui Juris* and Dismissal of Plaintiff's Complaint Against This Defendant is Appropriate.**

Plaintiff has named the Department of Youth Rehabilitation Services (hereinafter "DYRS") as a defendant in the instant lawsuit.   In this jurisdiction, it has been held generally that bodies within the District of Columbia government are simply not suable as separate entities absent statutory provisions for it to sue and be sued*.  See, e.g., Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976), (holding Board of Higher Education not a suable entity (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974), (holding Department of Sanitation not suable); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987), (holding Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities). District of Columbia Official Code § 2.1515.02

established the Department of Youth Rehabilitation Services as a separate Cabinet-level agency,

subordinate to the Mayor, and within the executive branch of the government of the District of

Columbia. The agency was not vested with the power to sue or be sued.  Because DYRS is not

suable as a separate entity, plaintiff's lawsuit as against DYRS must be dismissed.

E.      **Individually Named Defendants Cannot Be Held Liable Under Title VII**

Plaintiff has filed discrimination/retaliation claims under Title VII of the Civil Rights Act

of 1964 against the individually named defendants.  See Complaint, generally.  These defendants

are entitled to judgment as a matter of law because individual liability is not provided for and/or

contemplated by Title VII.  *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while

a supervisory employee may be joined as a party defendant in a Title VII action, that employee

must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for

a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)

(holding that relief granted under Title VII is against the employer, not individual employees

whose actions constituted a violation of Title VII).  Accordingly, plaintiff's Title VII claims

against these defendants must be dismissed.

F.      **Plaintiff Has No 5th Amendment Due Process Claim As An At-Will Employee**

Plaintiff claims that he was deprived of his property interest under the 5th amendment

when he was terminated from his position without due process. To sustain a 5th amendment due

process claim, the plaintiff must establish that he has a legitimate expectation of continued

employment. *Hall v. Ford*, 272 U.S. App. D.C. 301, 856 F.2d 255, 265 (D. C. Cir. 1988).  As

plaintiff correctly notes, he was classified as an at-will, managerial employee, with no appeal or

grievance rights. See complaint, at pg.4.  The plaintiff cannot establish that he had a "property

interest" or expectation of continued employment as an at-will employee.   Therefore, plaintiff's

10

5th Amendment Due Process Claim must be dismissed against these defendants as a matter of law.

**G.      Plaintiff Has Failed to Exhaust His Administrative Remedies**

Plaintiff avers that he was terminated on October 19, 2006.  It is well settled that plaintiffs are required to exhaust their administrative remedies as a condition precedent to filing a Title VII lawsuit because it "provides the charged party with notice of the claim and helps narrow the issues for prompt adjudication and decision' for the resolution of disputes.  *See Mack v. Strauss*, 134 F.Supp 2d 103, 109 (D.D.C. 2001).  A Title VII plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged discriminatory act.  *See* 42 U.S.C. 2000e-5(e)(1).  Plaintiff has not alleged or established that he filed a charge with the EEOC or the Office of Human Rights, or received a right to sue letter.  Plaintiff's failure to exhaust his administrative remedies bars this federal court complaint.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____

LEAH BROWNLEE TAYLOR [488966]
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 442-9845; (202) 727-6295
 leah.taylor@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **Henry Davis** ) | |
| **8001 Boundry Drive** ) | |
| **Forestville, Maryland 20747** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Department of Youth** ) | |
| **Rehabilitation Services** ) | |
| **Youth Services Center** ) | |
| **1000 Mt. Olivet Road, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **Vincent Schiraldi, Director** ) | **Civil Action No.: 06-2264** |
| **10000 Mt. Olivet Road, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **David Brown, Deputy Director,** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| **Mark Schindler, Chielf of Staff** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| **LaVern Evans, Superintendent** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| ) | |
| **D.J. Thomas, Deputy Superintendent** ) | |
| **of Operations** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| **Dexter Dunbar, Deputy Superintendent** ) | |
| **of Treatment** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |

13

**Cathy Ohler, Human Resources Specialist)**
**Representative** )
**8300 Riverton Court** )
**Laurel, Maryland  20724** )
                                                         )
**Pili Robinson, Senior Consultant to the** )
**Department of Youth Rehabilitation** )
**The Missouri Youth Service Institute** )
**1906 Hayselton, Drive** )
**Jefferson City, MO 65109** )
                                                         )
                **Defendants.** )
_____ )

### O R D E R

Upon consideration of the defendants' Motion to Dismiss Plaintiff's Complaint plaintiff's

response thereto, if any, and the record herein, it is by the Court this _____ day of

_____, 2007,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the defendants'

motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED against all named

defendants.


                                        _____
                                        JUDGE, United States District Court for the District of
                                        Columbia

cc:    Leah Brownlee Taylor
       Leticia Valdes
       Assistant Attorney General
       441-4th Street NW,  6th Floor South
       Washington, DC  20001

       Mr. Henry Davis
       8001 Boundry Drive
       Forestville, Maryland 20747

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Henry Davis<br>8001 Boundry Drive<br>Forestville, Maryland 20747<br><br>     Plaintiff,<br><br>     v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Mark Schindler, Chielf of Staff<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Cathy Ohler, Human Resources Specialist<br>Representative<br>8300 Riverton Court<br>Laurel, Maryland 20724 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.: 06-2264 |

Pili Robinson, Senior Consultant to the          )
Department of Youth Rehabilitation               )
The Missouri Youth Service Institute             )
1906 Hayselton, Drive                            )
Jefferson City, MO 65109                         )
             Defendants.                      )
_____          )

## AFFIDAVIT OF VINCENT SCHIRALDI

      I, Vincent Schiraldi, hereby swear and affirm the following:

      1.     That I am an adult over eighteen years of age, and am competent to provide the information herein.

      2.     I am a defendant in the matter of *Henry Davis v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.:06-2264 .

      3.     I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

                                  _____
                                    Vincent Schiraldi

SWORN AND SUBSCRIBED before a Notary Public, this 18 day of January, 2007.

_____
Notary Public, D.C.
                         My Commission Expires: _____
                                       Dennis Lewis
                                    Commission Expires, April 14, 2008

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Henry Davis**<br>**8001 Boundry Drive**<br>**Forestville, Maryland 20747** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Department of Youth**<br>**Rehabilitation Services**<br>**Youth Services Center**<br>**1000 Mt. Olivet Road, N.E.**<br>**Washington, D.C. 20002** | ) | |
| | ) | |
| **Vincent Schiraldi, Director**<br>**10000 Mt. Olivet Road, N.E.**<br>**Washington, D.C. 20002** | ) | **Civil Action No.: 06-2264** |
| | ) | |
| **David Brown, Deputy Director,**<br>**8300 Riverton Court**<br>**Laurel, Maryland  20724** | ) | |
| | ) | |
| **Mark Schindler, Chielf of Staff**<br>**8300 Riverton Court**<br>**Laurel, Maryland  20724** | ) | |
| | ) | |
| **LaVern Evans, Superintendent**<br>**8300 Riverton Court**<br>**Laurel, Maryland  20724** | ) | |
| | ) | |
| **D.J. Thomas, Deputy Superintendent**<br>**of Operations**<br>**8300 Riverton Court**<br>**Laurel, Maryland  20724** | ) | |
| | ) | |
| **Cathy Ohler, Human Resources Specialist**<br>**Representative**<br>**8300 Riverton Court**<br>**Laurel, Maryland  20724** | ) | |

Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
               Defendants. )
_____ )

## AFFIDAVIT OF DAVID E. BROWN

I, David E. Brown, hereby swear and affirm the following:

1.      That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.      I am a defendant in the matter of *Henry Davis v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2264

3.      I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
David E. Brown

SWORN AND SUBSCRIBED before a Notary Public, this *18th* day of January, 2007.

_____ My Commission Expires: *August 18, 2007*
Notary Public, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Henry Davis )<br>8001 Boundry Drive )<br>Forestville, Maryland 20747 )<br> )<br>        Plaintiff, )<br> )<br>        v. )<br> )<br>Department of Youth )<br>Rehabilitation Services )<br>Youth Services Center )<br>1000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br> )<br>Vincent Schiraldi, Director )<br>10000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br> )<br>David Brown, Deputy Director, )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br> )<br>Mark Schindler, Chief of Staff )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br> )<br>LaVern Evans, Superintendent )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br> )<br>D.J. Thomas, Deputy Superintendent )<br>of Operations )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br> )<br>Cathy Ohler, Human Resources Specialist)<br>Representative )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 ) | Civil Action No.: 06-2264 |

**Pili Robinson, Senior Consultant to the** )
**Department of Youth Rehabilitation** )
**The Missouri Youth Service Institute** )
**1906 Hayselton, Drive** )
**Jefferson City, MO 65109** )
    **Defendants.** )
_____ )

### AFFIDAVIT OF MARC SCHINDLER

   I, Marc Schindler, hereby swear and affirm the following:

   1.  That I am an adult over eighteen years of age, and am competent to

provide the information herein.

   2.  I am a defendant in the matter of *Henry Davis v. Department of Youth*

*Rehabilitation Services, et al.*, Civil Action No.: *06-2264*.

   3.  I have not been personally served with a copy of the summons and

complaint by the plaintiff, and I did not authorize anyone to accept service of process on

my behalf in the above captioned matter.

            _____
            Marc Schindler

SWORN AND SUBSCRIBED before a Notary Public, this *18* day of January, 2007.

_____  My Commission Expires:  Dennis Lewis
Notary Public, D.C.          Commission Expires, April 14, 2008
               _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Henry Davis ) | |
| 8001 Boundry Drive ) | |
| Forestville, Maryland 20747 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Department of Youth ) | |
| Rehabilitation Services ) | |
| Youth Services Center ) | |
| 1000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
| ) | Civil Action No.: 06-2264 |
| Vincent Schiraldi, Director ) | |
| 10000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
| ) | |
| David Brown, Deputy Director, ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland  20724 ) | |
| ) | |
| Mark Schindler, Chief of Staff ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland  20724 ) | |
| ) | |
| LaVern Evans, Superintendent ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland  20724 ) | |
| ) | |
| D.J. Thomas, Deputy Superintendent ) | |
| of Operations ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland  20724 ) | |
| ) | |
| Cathy Ohler, Human Resources Specialist) | |
| Representative ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland  20724 ) | |

Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
    Defendants. )
_____ )

## AFFIDAVIT OF LAVERN EVANS

I, LaVern Evans, hereby swear and affirm the following:

1. That I am an adult over eighteen years of age, and am competent to provide the information herein.

2. I am a defendant in the matter of *Henry Davis v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: *06-2264*.

3. I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
LaVern Evans

SWORN AND SUBSCRIBED before a Notary Public, this *9th* day of January, 2007.

_____
Notary Public, D.C.

My Commission Expires: _____

JULIA JOHNSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 31, 2010

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Henry Davis )<br>8001 Boundry Drive )<br>Forestville, Maryland 20747 )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>Department of Youth )<br>Rehabilitation Services )<br>Youth Services Center )<br>1000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br>)<br>Vincent Schiraldi, Director )<br>10000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br>)<br>David Brown, Deputy Director, )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br>)<br>Mark Schindler, Chief of Staff )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br>)<br>LaVern Evans, Superintendent )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br>)<br>D.J. Thomas, Deputy Superintendent )<br>of Operations )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 )<br>)<br>Cathy Ohler, Human Resources Specialist)<br>Representative )<br>8300 Riverton Court )<br>Laurel, Maryland  20724 ) | Civil Action No.: 06-2264 |

Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
                Defendants. )
                           )

## AFFIDAVIT OF D.J. THOMAS

I, D.J. Thomas, hereby swear and affirm the following:

1.     That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.     I am a defendant in the matter of *Henry Davis v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2264.

3.     I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
D.J. Thomas

SWORN AND SUBSCRIBED before a Notary Public, this 18th day of January, 2007.

_____ My Commission Expires: Aug 18, 2008
Notary Public, D.C.

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Henry Davis )<br>8001 Boundry Drive )<br>Forestville, Maryland 20747 )<br>)<br>       Plaintiff, )<br>)<br>       v. )<br>)<br>Department of Youth )<br>Rehabilitation Services )<br>Youth Services Center )<br>1000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br>)<br>Vincent Schiraldi, Director )<br>10000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br>)<br>David Brown, Deputy Director, )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>Mark Schindler, Chielf of Staff )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>LaVern Evans, Superintendent )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>D.J. Thomas, Deputy Superintendent )<br>of Operations )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>Cathy Ohler, Human Resources Specialist)<br>Representative )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 ) | Civil Action No.: 06-2264 |

Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
           Defendants. )
_____ )

### <u>AFFIDAVIT OF CATHERINE OHLER</u>

I, Catherine Ohler, hereby swear and affirm the following:

1.     That I am an adult over eighteen years of age, and am competent to

provide the information herein.

2.     I am a defendant in the matter of *Henry Davis v. Department of Youth*

*Rehabilitation Services, et al.*, Civil Action No.: 06·2264.

3.     I have not been personally served with a copy of the summons and

complaint by the plaintiff, and I did not authorize anyone to accept service of process on

my behalf in the above captioned matter.

                             Catherine Ohler

SWORN AND SUBSCRIBED before a Notary Public, this 18th day of January, 2007.

Notary Public, D.C.          My Commission Expires: *Aug 18, 2008*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Henry Davis<br>8001 Boundry Drive<br>Forestville, Maryland 20747<br><br>   Plaintiff,<br><br>   v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Cathy Ohler, Human Resources Specialist<br>Representative<br>8300 Riverton Court<br>Laurel, Maryland 20724 | Civil Action No.: 06-2264 |

Dexter Dunbar, Deputy Superintendent )
of Treatment )
8300 Riverton Court )
Laurel, Maryland  20724 )
)
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
              Defendants. )
)

### AFFIDAVIT OF DEXTER DUNBAR

     I, Dexter Dunbar, hereby swear and affirm the following:

     1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

     2.    I am a defendant in the matter of *Henry Davis v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06.2264

     3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

                                 Dexter Dunbar

SWORN AND SUBSCRIBED before a Notary Public, this 18th day of January, 2007.

_____ My Commission Expires: Aug 18, 2008
Notary Public, D.C.

2