UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Henry Davis** : | |
| : | |
| **Plaintiff** : | |
| : | |
| : | Civil Action No. 06-2264 (GK) |
| **v.** : | |
| : | |
| : | |
| **Department of Youth Rehabilitation** : | |
| **Services, et al.** : | |
| : | |
| **Defendants** : | |

## MOTION TO DISMISS COMPLAINT

Defendant, PILI ROBINSON, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure, to dismiss the complaint against him in the above-captioned matter. As grounds therefor, the Mr. Robinson states that:

1. Plaintiff has failed to effectuate proper service against Mr. Robinson,

2. Plaintiff has failed to establish facts pertaining to Mr. Robinson upon which a cognizable legal claim could be made or upon which relief could be granted.

The points and authorities in support of these grounds are set forth in the accompanying memorandum.

                    Respectfully Submitted,

                    _____/s/_____
                    Andrew T. Wise, #456-865
                    Counsel for PILI ROBINSON

                    MILLER & CHEVALIER CHTD
                    655 Fifteenth St., N.W.
                    Suite 900
                    Washington, D.C. 20005-5701
                    Phone: (202) 626-5800
                    Fax: (202) 626-5801

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing Motion and accompanying Memorandum was mailed, first class, postage pre-paid, this 26th day of January, 2007, to:

Henry Davis
8001 Boundry Drive
Forestville, MD 20747

                    _____/s/_____
                    Andrew T. Wise

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Henry Davis** | : |
| | : |
| **Plaintiff** | : |
| | : |
| | : Civil Action No. 06-2264 (GK) |
| v. | : |
| | : |
| | : |
| **Department of Youth Rehabilitation Services, et al.** | : |
| | : |
| **Defendants** | : |

**MEMORANDUM OF POINTS AND AUTHORITES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, PILI ROBINSON, through undersigned counsel, submits the following points and authorities in support of his motion to dismiss the complaint in the above-captioned case:

1. Plaintiff filed a complaint alleging wrongful discharge and defamation in the Superior Court for the District of Columbia ("Complaint"). The date stamp on the Complaint indicates that it was filed on November 29, 2006.

2. The above-captioned case was removed to this Court by the Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, D.J. Thomas, Dexter Dunbar, and Cathy Ohler on December 29, 2006.

3. Mr. Robinson has never been served with the Complaint, a Summons, or an Initial Order in this matter. He received no notice of the existence of this lawsuit until undersigned counsel received documents regarding the case's removal to this Court from the Assistant Attorney General defending the other named defendants.

4. The plaintiff's allegations arise out of his prior at-will employment by the District of Columbia government.

3

5.  Mr. Robinson is identified in the case caption as a Senior Consultant to the Department of Youth Rehabilitation Services affiliated with the Missouri Youth Service Institute in Jefferson City, Missouri. The complaint does not allege that Mr. Robinson was employed by the District of Columbia, DYRS, or OHYC.

6.  While the plaintiff makes a variety of allegations against a number of individuals, the complaint does not include any specific factual allegations regarding Mr. Robinson. Notably:

   a.  The plaintiff alleges that the decision to terminate his employment was made by DYRS and individual DYRS employees. He does not allege that Mr. Robinson held any position of authority with DYRS or that Mr. Robinson had decision making authority with regard to plaintiff's termination. Complaint at 4-9.

   b.  The plaintiff does not allege any facts supporting the argument that Mr. Robinson was involved in the actual decision to terminate him.

   c.  The plaintiff does not allege any facts supporting the argument that Mr. Robinson made defamatory statements about him.

7.  Finally, the Complaint asserts that the alleged violations sound in tort rather than contract. Complaint at 4. To the extent that such a distinction is read to further define any claims against Mr. Robinson, the plaintiffs fails to articulate (1) what duty, if any, Mr. Robinson owed to the plaintiff, (2) what actions, if any, Mr. Robinson is alleged to have taken that constitute a breach of that duty, and (3) how damages flow a breach of such duty.

I.  The Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process.

It is the obligation of the plaintiff to serve a copy of the complaint along with a summons to each defendant within the time allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 4(c)(1), 4(e)(2).  Moreover, the plaintiff must provide proof of service to the Court. Fed. R. Civ. Proc. 4(l).  A complaint may be dismissed for insufficiency of service of process. Fed. R. Civ. Proc. 12(b)(5) *See Light v. Wolf*, 259 U.S. App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987).  Given that Mr. Davis has not served Mr. Robinson with a summons or the complaint in this matter, the Court should dismiss the complaint against Mr. Robinson.

II. The Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

A.  *Legal standard.*

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for failure to state a claim.  Dismissal "may be granted if it appears that the petitioner can prove no facts that would entitle it to relief." United States v. BCCI Holdings (Lux.), S.A., 977 F. Supp. 27, 31 (D.D.C. 1997), *citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Kenneda v. United States*, 279 U.S. App. D.C. 366, 880 F.2d 1439, 1442 (D.C.Cir. 1989); *see also Cauman v. George Washington University*, 630 A.2d 1104, 1105 (D.C. 1993).  In this case, the plaintiff has compiled a laundry list of allegations against DYRS and individual DYRS officials and employees.  Mr. Robinson, referred to as a "senior consultant" for an out-of-state Institute, is mentioned only once in a conclusory sentence at the close of the complaint and is not associated with any of the allegedly wrongful acts that underlie the plaintiff's complaints of legal harm.  Accordingly, the Court should dismiss the complaint against Mr. Robinson

because even construing the complaint in the light most favorable to the plaintiff and taking the facts alleged in the complaint as true, the complaint fails to plead sufficient facts to establish any liability of Mr. Robinson particularly. *Mount v. Baron*, 154 F. Supp. 2d 3, 7 (D.D.C. 2001).

    B.    *The Complaint does not allege that Mr. Robinson was the plaintiff's employer or made the challenged decision to terminate her employment.*

The Complaint's core allegation is that the plaintiff was wrongly terminated from his job at OHYC. The plaintiff states that the decision was made by the DYRS director, in concurrence with the recommendation of the DYRS superintendent. Complaint at 7. Nowhere in the Complaint does the plaintiff allege that Mr. Robinson was the plaintiff's "employer" or that he was, in any way, vested with decision-making authority regarding his continued employment by the District of Columbia.

It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all. *Holman v. Williams*, 436 F. Supp. 2d 68, 76 (D.D.C. 2006) (citing *Liberatore v. Melville Corp.*, 168 F.3d 1326, 1329 (D.C. Cir. 1999); *see also Adams v. George W. Cochran & Co.*, 597 A.2d 28, 30 (D.C. 1991); *Taylor v. Greenway Restaurant, Inc.*, 173 A.2d 211 (D.C. 1961); *Pfeffer v. Ernst*, 82 A.2d 763, 764 (D.C. 1951). It is foreseeable that this Court will be called upon to analyze these issues in relation to the plaintiff's claims against some of the defendants named in the instant case. But that analysis is not necessary in order to evaluate Mr. Robinson's motion, because the plaintiff does not allege, nor could he plausibly, that Mr. Robinson made the decision to terminate his employment or held any position of authority in that decision-making process.

It is axiomatic that the plaintiff must tie an alleged wrong to a particular defendant. Even under the liberal "notice pleading" standard embodied in Fed. R. Civ. Proc. 8(a)(2), a complaint must still contain either direct or inferential allegations respecting all the material elements

necessary to sustain a recovery under some viable legal theory. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1999); *see also District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 660 *citing Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). As the D.C. Court of Appeals has noted, identifying the party liable for a particular wrong is one of the most fundamental requirements for an adequately pleaded claim. *Id. citing Elmore v. Stevens*, 824 A.2d 44 (D.C. 2003).

In *Elmore*, the plaintiff sued a hospital, doctor, registered nurse, and resident alleging wrongful termination. *Id.* at 45. The Court found that construing the pro se complaint liberally, it could be read to attempt to assert claims for relief against Elmore based on defamation and/or intentional infliction of emotional distress. *Id.* at 46. But it also held that the complaint was "woefully inadequate even tested as a pro se one" because it failed to allege that the defendant did anything connected to the plaintiff's claims. *Id.*

Review of the Complaint in this case compels the same conclusion. The statutes cited by plaintiff and the cases referenced in connection with those statutes, all refer to prohibited actions by an "employer." It stands to reason that in order to prevail on a wrongful termination claim, a plaintiff must demonstrate some decision-making authority and role in the termination decision on the part of the defendant. Here, the plaintiff has not asserted any facts sufficient to establish Mr. Robinson's liability in regard to the wrongful termination claim. Based upon this self-evident proposition, this Court should dismiss the complaint against Mr. Robinson pursuant to Superior Court Civil Rule 12(b)(6).

    C.    *The Complaint does not allege that Mr. Robinson made defamatory statements against him.*

The plaintiff also claims that he was injured by false and defamatory statements made about him. For reasons similar to those advanced in the preceding section, the Court should dismiss this section of the complaint against Mr. Robinson pursuant to Fed. R. Civ. Proc. 12(b)(6) as well.

It is not clear that the plaintiff intended to include Mr. Robinson as a defendant in relation to the defamation claim. Notably, in the section of the complaint titled "Defamation - Slander", Mr. Robinson is not mentioned by name, by title, or by reference. The only reference to Mr. Robinson in connection with the plaintiff's vaguely-pleaded defamation allegations is a sentence at the close of the complaint that reads "[i]n this case, the Director and a committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, the Human Resource Manager/EEO officer, a Human Resources Specialist, and a consultant have deprived the Plaintiff of his right to due process when … they published defamatory statements about Plaintiff, and when they publicized the Plaintiff's termination throughout the agency." Complaint at 13. To the extent that the reference in that sentence to "a consultant" is construed as a reference to Mr. Robinson, it does not suffice to maintain the Complaint. Mere conclusory allegations, wholly unaccompanied by factual support, are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment. *Rowland v. Riley*, 5 F. Supp.2d 1, 3 (D.D.C. 1998); *accord Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999; *see also Kerrigan v. Britches of Georgetown, Inc.*, 705 A.2d 624, 629 (D.C. 1997) *citing Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C. 1991); *accord Spellman v. American Sec. Bank, N.A.*, 504 A.2d 1119, 1123-24 (D.C. 1986). In this case, the plaintiff's failure to allege any facts in support of his

summary allegation against Mr. Robinson should result in the dismissal of the complaint pursuant to Rule 12(b)(6).

Finally, the allegation that the plaintiff's termination was made known to the agency cannot support a defamation claim against Mr. Robinson. First, the plaintiff does not allege that Mr. Robinson made the statements. Secondly, the statements cited by the plaintiff are not defamatory, even taken in a light most favorable to the plaintiff. To establish a defamation claim in the District of Columbia, a plaintiff must prove the following elements: "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; [*221] and (4) that either the statement was actionable as a matter of law irrespective of special harm or its publication caused the plaintiff special harm." *Benic v. Reuters Am., Inc.*, 357 F. Supp. 2d 216, 220-21 (D.D.C. 2004), *citing Klayman v. Segal*, 783 A.2d 607, 613 n.4 (D.C. 2001); *see also Clawson v. St. Louis Post-Dispatch, LLC*, 906 A.2d 308 (D.C. 2006). Moreover, the plaintiff must show that "an allegedly defamatory remark [was] more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous, or ridiculous.'" *Benic*, 357 F. Supp. 2d at 221, *citing Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984); *see also Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 594 (D.C. 2000).

As to Mr. Robinson, these tests are not met. There is no allegation in the Complaint that the statements were made by Mr. Robinson, and regardless of the identity of the speaker, the words cited by the plaintiff were simply not the type of statements that either cause special harm or are actionable as a matter of law regardless of special harm. Finally, the plaintiff cannot prevail on a negligence claim against Mr. Robinson. A negligence claim requires proof of a duty

9

of care, breach of that duty, and injury proximately caused by that breach. *Jones v. Hartford Life & Accident Ins. Co.*, 443 F. Supp. 2d 3, 5 (D.D.C. 2006); *see also Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1098 (D.C. 1994). Therefore, a person is "liable to another only when he …owes [that person] some duty of care." *Kerrigan*, 705 A.2d at 629 *citing Lipnick v. United States*, 717 F. Supp. 902, 904 (D.D.C. 1989); *accord Williams v. Baker*, 572 A.2d 1062, 1064 (D.C. 1990)(en banc). The plaintiff simply makes no allegation that Mr. Robinson owed him a duty of care, breached that duty, or that damages flowed from that breach, nor could he, given the fact that Mr. Robinson was not an employee of the District of Columbia, DYRS, or OHYC. For many of the same reasons that the plaintiff has failed to state a claim for wrongful termination against Mr. Robinson, he has also failed to establish any of the elements that are required to maintain a negligence claim.

D.   *Summary*

For all of the reasons set forth in this section, the Court should dismiss the Complaint against Mr. Robinson pursuant to Federal Rule of Civil Procedure 12(b)(6). Even reading the Complaint in the light most favorable to plaintiff, it simply fails to state a claim upon which relief could be granted.

## CONCLUSION

Plaintiff suggests that as a pro se litigant, he "need not be 'exact.'" Complaint at 13. But the fact that the plaintiff is a pro se litigant does not immunize meritless allegations against innocent individuals. And it does not obligate the Court to invent valid claims out of frivolous accusations. *Tripati v. Williams*, 759 F. Supp. 3, 4 (D.D.C. 1990); *Elmore*, 824 A.2d at 46 *citing Vaughn v. United States*, 579 A.2d 170, 176 (D.C. 1990)("A court's duty to construe a pro se

complaint liberally does not permit a court to uphold completely inadequate complaints."); *see also McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)("[The court's] duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations.")  The plaintiff has tacked Mr. Robinson's name onto the end of a list of defendants and then wholly failed to allege facts that support any claim against Mr. Robinson.  This Court should dismiss Mr. Robinson from this case.

WHEREFORE, for the foregoing reasons, defendant PILI ROBINSON moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) to dismiss the Complaint against him in this case.

Respectfully Submitted,

_____/s/_____
Andrew T. Wise, #456-865
Counsel for PILI ROBINSON
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Fax: (202) 626-5801

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Henry Davis**  :  <br> : <br> **Plaintiff** : <br> : <br> : <br> v. : <br> : <br> : <br> **Department of Youth Rehabilitation** : <br> **Services, et al.** : <br> : <br> **Defendants** : | Civil Action No. 06-2264 (GK) |

### ORDER

Upon consideration of the defendant's Motion to Dismiss Complaint, it is hereby ORDERED, this _____ day of _____, 200_____, that the Motion is GRANTED and the Complaint filed by Henry Davis against defendant PILI ROBINSON is DISMISSED.

_____
The Honorable Gladys Kessler
District Judge

Copies to:

Andrew T. Wise
Miller & Chevalier Chartered
655 15th St., N.W.
Suite 900
Washington, D.C. 20005-5701

Henry Davis
8001 Boundry Drive
Forestville, MD 20747

Leah Brownlee Taylor
Leticia Valdes
Assistant Attorney General
441 4th St., N.W.
6th Floor South
Washington, D.C. 20001