**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 JAN 31  PM 4: 43
NANCY
MAYER-WHITTINGTON
CLERK

HENRY DAVIS
8001 Boundary Drive
Forestville, Maryland 20747

    Plaintiff

    v.

**Department of Youth**
**Rehabilitation Services**
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**Vincent Schiraldi, Director**
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent**
**Of Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**Civil Action No: 06-2264** (GK)



**RECEIVED**

JAN 3 1 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

---

**Cathy Ohler**                                    )
**Human Resource Specialist**                      )
  8300 Riverton Court                              )
  Laurel, Maryland 20724                           )
                                                   )
**Pili Robinson, Senior Consultant to the**        )
Department of Youth Rehabilitation                 )
The Missouri Youth Service Institute               )
1906 Hayselton, Drive                              )
Jefferson City, MO 65109                           )
                                                   )
**David J. Thomas, Deputy Superintendent** )
Of Operations                                      )
8300 Riverton Court                                )
Laurel, Maryland 20724                             )
                        **Defendants**             )
                                                   )

---

### Plaintiff's Opposition to
### DEFENDANT'S MOTION TO DISMISS COMPLAINT

The plaintiff Henry Davis, herby strongly opposes the December 26, 2006 motion of the

defendant put forth to dismiss the above complaint against him pursuant to CIV P. Rule

12(b) (5) (6) and other arguments filed by attorney Leah Brownlee Taylor, Assistant

Attorney General.

### BACKGROUND

This complaint is before the United States District Court for the District of Columbia on the

grounds that he was wrongfully terminated.  The Plaintiff contends that the Department of Youth

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Rehabilitation Services terminated his employment, at the recommendation of LaVern Evans,

Superintendent, in retaliation for his participation in an investigation (witness) of sexual

harassment claims against other managers and for filing a grievance through the union against the

agency for violating the union contract in regard to paying the Plaintiff for work he performed

beyond 120 days (Article 10 scetion 1(f) (g) of the Collective Bargaining Agreement, and DPM ,

Chapter 8, Section 9.4 (a) (b) 1, 2,3, and (c) 9.5 – Acting in higher position beyond 120 days

without compensation.


Wherefore, the Plaintiff demands judgment against Defendant(s) in the sum of $1,700,000.00, and

reinstatement of a career service status position within the agency for which he is qualified.


The Plaintiff contends the termination to be a wrongful termination and that the defendants'

actions were adversarial, malicious, and retaliative, resulting in discrimination, actionable

retaliation to activity that affected the terms and conditions of the Plaintiff's employment, breach

of contract, tortious interference with the contract, intentional infliction of emotional stress,

negligent infliction of emotional stress, retaliatory discharge, and defamation of the Plaintiff's

character.

The termination decision as well as the inauspicious actions of the defendants have caused

personal injury to the Plaintiff, causing emotional stress, economic losses, and other punitive

damages, and for the reasons expressed below, the Plaintiff concludes that the Department of

3

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
Youth Rehabilitation Services' charge upon which the termination decision was based is a

wrongful termination.


Wrongful discharge actions for violating public policy can be premised on one of three grounds:

a) Explicit legislative statements prohibiting discharge, discrimination or adverse

treatment of employees who act in accordance with the statutory right or duty;


b) "Legislative expression of policy" - for example, discharging an employee for refusing

to violate the law during employment; or,


c) Retaliatory discharge.


Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any

individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-

352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its

anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or

job applicant because that individual "opposed any practice" made unlawful by Title VII or "made

a charge, testified, assisted, or participated in" a Title VII proceeding of investigation. §2000e-

3(a).

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

In Philip's v Butterball Farms Co, 448 Mich 239 (1995), the Michigan Supreme Court resolved a conflict in the Court of Appeals and held that a claim of retaliatory discharge sounds in tort and not in contract. Consequently, the full tort remedies are available for a retaliatory discharge in violation of public policy.

## ARGUMENT

Defendant's argues that the "Complaint should be dismissed against them for the following reasons: 1) plaintiff has failed to effectuate proper service under Fed. R. Civ.P. 4 (e ) against the individually named defendants; (2) plaintiff Complaint does not meet the requirements of Fed. P. Civ. R. 10; (3) plaintiff may not maintain her lawsuit against defendant Department of Youth Rehabilitation Services because the agency is non sui juris; (4) the individually named defendants cannot be held liable for civil rights violations under title VII; (5) plaintiff has failed to state a claim for a 5th amendment due process violation, and (6) plaintiff has failed to exhaust her administration remedies.

## MEMORANDUM OF POINTS AND AUTHORITIES DENYING DEFENDANT'S MOTION TO DISMISS PLINTIFF'S COMPLAINT

5

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

This Employee contends that he was wrongfully terminated. The Employee contends that the

Department of Youth Rehabilitation Services terminated his employment, at the recommendation

of LaVern Evans, Superintendent, in retaliation for his participation in an investigation (witness)

of sexual harassment claims against other managers and for filing a grievance through the union

against the agency for violating the union contract in regard to paying the Employee for work he

performed beyond 120 days (Article 10 section 1(f) (g) of the Collective Bargaining Agreement,

and DPM , Chapter 8, Section 9.4 (a) (b) 1, 2,3, and (c) 9.5 – Acting in higher position beyond

120 days without compensation.


Wherefore, the Plaintiff request the court to intervene, and reinstatement of a career service

status position within the agency for which he is qualified, and or award him damages for the

wrongful termination.


The Employee contends the termination to be a wrongful termination and that the Agencies'

actions were adversarial, malicious, and retaliative, resulting in discrimination, actionable

retaliation to activity that affected the terms and conditions of the Employee's employment,

breach of contract, tortuous interference with the contract, intentional infliction of emotional

stress, negligent infliction of emotional stress, retaliatory discharge, and defamation of the

Employee's character.

6

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

The termination decision as well as the inauspicious actions of the Agency have caused personal injury to the Employee, causing emotional stress, economic losses, and other punitive damages, and for the reasons expressed below, the Employee concludes that the Department of Youth Rehabilitation Services' charge upon which the termination decision was based is a wrongful termination.

Wrongful discharge actions for violating public policy can be premised on one of three grounds:

a) Explicit legislative statements prohibiting discharge, discrimination or adverse treatment of employees who act in accordance with the statutory right or duty;

b) "Legislative expression of policy" - for example, discharging an employee for refusing to violate the law during employment; or,

c) Retaliatory discharge.

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its anti-retaliation provision – forbids an employer from

7

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
"discriminating against" an employee or job applicant because that individual "opposed any

practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a

Title VII proceeding of investigation. §2000e-3(a).

In Philip's v Butterball Farms Co, 448 Mich 239 (1995), the Michigan Supreme Court resolved a

conflict in the Court of Appeals and held that a claim of retaliatory discharge sounds in tort and

not in contract. Consequently, the full tort remedies are available for a retaliatory discharge in

violation of public policy.

The employee was hired on or about October 9, 1989 as a Social Service Assistant. He was Riffed

in September 1993, and returned back to work on or about March of 1998, as a Juvenile

Correctional Officer, where he worked as an Acting Unit Manager from 2000 until June 21, 2006,

at which time he became the Acting Shift Commander for the PM Tour.

The employee is a Veteran and served in the United States Marine Corp and is entitled to

Veterans Preference, and received an honorable discharge on July 24, 1984.

It should be noted that the employee never received any documentation or letter from personnel

assigning him official as an Acting Unit Manager.

Subsequently, employee filed a grievance for this failure/omission by the Agency, resulting in a

settlement agreement between the employee and the agency, which resulted in a promotion to a

8

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
Career Service position of DS-007-10-10, **(not an MSS position)** of Supervisory Correctional

Officer, effective February 18, 2003. (See attachment )


The employee was and remained a **career service employee** who was placed in several acting

MSS position w/o proper written official authorization from the Department of the District of

Columbia Office of Personnel (hereinafter "DCOP"). Instead all of the employee appointment's

where made through the Office of the Superintendent, without the sanction or authorization from

DCOP.


Said positions, which by the way were all acting MSS positions, were as follows:

1. April 18, 2004 – assigned as Security Transportation Supervisor (see attachment )

2. January 17, 2006 – assigned as Unit Manager of MOD Unit and removed from

   Transportation (see attachment )

3. June 25, 2006 – assigned as Shift Commander PM Tour (see attachment )

On or about December, 2006, plaintiff served the defendants with a summons and complaint via

certified mail.


ARGUMENT

A. **Standard for not granting Motion to Dismiss**

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
Defendants argue that plaintiff has failed to effectuate proper service under fed r. Civ.P. 4 ( c ).

It should be noted that the defendants work at two separate facilities identified as DYRS, located physically at 8300 Riverton Court, Laurel, Maryland and 1000 Mt. Olivet Road, Washington, DC. Both facilities are guarded, gated, barbed wired locked down facilities, where one has to show identification, be patted down, be searched and specify the reason for ones visit. It would be near impossible for a process server to gain entry to serve the defendants, so I opted to used certified , return receipt method to serve the defendants.

Rule 4 (j) 2 of the Federal Rules of Civil Procedure governs service of process "upon state, municipal corporation, or other government organization." The rule states that service shall be effected by delivering a copy of the summons and the complaint to the chief executive office (of the Mayor of the District of Columbia) or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant.

Prior to making any attempts to serve the defendants, plaintiff to the following actions

1.) Plaintiff called the Mayors Office and Corporate Counsel Office to determine who was authorized to sign and received the summons and complaint regarding this case. Even though the Mayor was not a defendant in this matter the court advise that a copy must be sent to the Mayor's office and the Corporate Counsel Office to advise them that a suit had been filed.

2.) Plaintiff was present and in the company of another former MSS employee,  on

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

November 21, 2006, when she asked the receptionist, Bernedett LNU, who was

authorized to received certified, return receipt mail for the defendants. Shee stated she was

authorized to sign for mail for the defendants in this specific case, and that task was part of

her job responsibilities since she was just recently hired.

Therefore, on November 23, 2006, plaintiff sent the summons and complaint by certified mail,

return receipt request to the defendants, in addition the Mayor's Office and Corporate Counsel

were notified and sent copies as well. Defendants cannot complain that the person who signed for

the defendant's was not authorized by them to sign now, when the plaintiff made proper inquiry

of the defendant's own employees, and mailed the summons according to the person who herself

stated she was authorize to sign for mail for the defendants. Whitehead v. CBS/Viacom, Inc.,

221F.R.D.1, 4 &n.6(D.D.C. 2004) (citing Zen Music, Inc. v. CVS Corp. 1998 WL 912102, at *3

(S.D.N.Y. 1998). Defendants did not respond until January 18, 2007, when they filed a motion to

dismiss for improper service of process. Paragraph ( c ) (3) states that "as to any defendant

described in subdivision …(J) service also may be effected by mailing a copy of the summons,

complaint and initial order to the person to be served by registered or certified mail, return receipt

requested" D.C. SUPER. CT CIV. R. 4( c ) (3).

In this case a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Federal Rules of Civil Procedure 12(b)(6), the court must construe the allegations and

facts in the complaint in the light most favorable to the plaintiff and must grant the Plaintiff the

benefit of the inferences that can be derived from the alleged facts. Conley v. Gibson, 355 U.S. 41,

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *E.E.O.C. v. St. Francis Xavier Paraochial Sch.*, 117 F. 3d 621, 624-25 (D. C.Cir.1997). Under this standard, a court may dismiss a claim pursuant to Rule 12(b)(6) if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his/her claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Defendant Pili Robinson is known to the plaintiff as a Senior Consultant hired by DYRS to provide services and training related the Missouri Treatment Concept. Mr. Robinson as the point person for the Missouri Project at Oak Hill, which is being developed, instituted and established as the primary Treatment Modality for the residents at DYRS Juvenile Facilities. The defendant Robinson passed out business cards listing a business address in Jefferson City, Missouri, Department of Social Services, Division of Youth Services, and  a phone number was also identified. An inquiry and phone called to that number to determined the person authorized to signed for mail sent to Robinson and to verify the correct address, revealed that the person authorized to sign for said mail delivered to the defendant's place of business in Jefferson City, as Mark Stewart and 1906 Hayselton Drive, Jefferson City, MO 65109, was the correct address for certified mail for this purpose.  In addition, when the Plaintiff received a motion to dismiss from

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Mr. Robinson's attorney, Andrew T. Wise, MILLER & CHEVALIER CHID, he further established that Robinson's address was The Missouri Youth Service Institute, 1906 Hayselton Drive, Jefferson City, Mo 65109, the same address where the summons and complaints were mailed by the Plaintiff certified, registered mail returned receipt requested. Thus the plaintiff and any reasonable person would assume that the defendant wished all business matters to be forwarded to the above identified address. Further, the defendant received the summons and complaint, the initial order and the amended complaint and responded to the complaint in a judicious manner by having his attorney file a motion to dismiss the complaint.

Based on the points discussed above, all of the defendant's arguments of insufficiency of service of process is not valid.

## B. Plaintiff Effectuate Proper Service

The Defendants argues that they received notices of the Complaint but plaintiff failed to follow the procedures as set forth in Fed R. Civil P. 4(e) 2, a plaintiff must personally serve the individual or their agent with a copy of the summons, complaint and initial order. Rule 4 ( c) of the D.C. Superior Court Rules permits service to be effected upon an individual "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested. D.C. SUPER CT. CIV. R 4 (c ) (3). Leaving a copy of the complaint and summons at an individuals defendant's place of business constitutes valid service if it is left in the hands of "an agent authorized by appointment or by

13

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

law to receive service of process." FED. R. CIV. P. 4 (c ).

Bernadette Akinseye was identified as the person authorized to sign for mail delivered to

defendant's David Brown, Mark Schindler, LaVern Evans, Fitzgerald Fant, David J. Thomas,

Dexter Dunbar, who worked or had offices at 8300 Riverton Court, Laurel, Maryland 20724;

W. Montague was the person authorized to sign for mail delivered to defendant's Vincent

Schiraldi who worked or had an office at 1000 Mt. Olivet Road, NE, Washington, DC 20002;

and Mark Stewart was identified as the person authorized at the defendant's Pili Robinson's

place of business to receive and sign for mail addressed to the defendant. See Parker v. Frank

Emmet Real Estate, 451 A.2d 62 (DC 1982); Morfessis v. Marvins Credit. 77 A.2d 178, 179

(DC 1950). The plaintiff were served through an authorized agent of the defendants and

properly served pursuant to the mandatory provisions set forth in Fed. R. Civ.P. 4 ( e ) (2).

## C. **Plaintiff has exhaust His/Her Administrative Remedies**

Defendant's argues that the plaintiff filed report that was not made in numbered paragraphs to

comport with Fed. P. Civ. R. 10. The Defendant's attorney had the case transferred from

Superior Court to this District Court as is. The case format was accepted in its official format

for Superior Court. The plaintiff was not aware she had to resubmit her complaint when it

was the defendant's who requested that the case be transferred to this court. The plaintiff is a

pro se litigant and it is his first time filing a civil law suit and he set forth his claims in a

fashion he knew would be acceptable to the court where he initially filed his complaint

Superior Court. I ask the court's leniency in this matter because I was not aware of the

14

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

conditions relevant to Fed. P. CIF R 10(b), and I had no ideal that the defendant's would request that the case be transfer to your court's where the requirements for submission of complaints differ. However, a review of the document submitted will show that most of the document contained numbered a part thereof for all purposes." Similarly when a complaint's factual allegations are expressly linked to – and admittedly dependent upon- a document (the authenticity of which is not challenged), that document effectively merges the pleading and the court can review it in deciding a motion to dismiss under rule 12(b) (6). "Beddall v. State St. Bank and Trust Co., 137 F. 3D 12.17 (1 Cir., 1998) see also Black stone Realty LLC v. Federal Deposit Insurance Corporation, 244 F.3d 193, 195 n.1 (1 Cir. 2001). Therefore, I respectfully request that the court show leniency and allow my complaint not to be dismiss for the plaintiff not comporting with Fed. P. Civ. R

## D. Defendant Department of Youth Rehabilitation Services is Non Sui Juries and Dismissal of Plaintiff's Complaint Against these Defendants should not be granted

Defendant stated that in this jurisdiction, it has been held **generally** that bodies within the District of Columbia government agencies are simply not suitable as separate entities absent statutory provisions for it to and be sued. The operate word is generally. As an employee working in a District Government agency it applies because you are to be protected from harassment, disparate treatment, staff threatening you, etc. The defendants failed to protect the plaintiff from those things and many more. In addition, there were no notifications/postings anywhere informing the plaintiff and other OHYC employees how to contact authorities if we needed assistant (i.e., EEOC

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
posters, workman's comp info).

Employers are required to post <u>notices</u> to all employees advising them of their rights under the laws EEOC enforces and their right to be free from retaliation. Such notices must be accessible, as needed, to persons with visual or other disabilities that affect reading. The plaintiff contends that OHYC DYRS facility has no notices posted advising him/her how, where, when or who to file an EEOC complaint against which is a violation of the federal laws relating to EEOC.

According to D.C. Code § 1- 616.04(b), "Any individual or class of individuals may commence a civil action on his or her or their own behalf against any employee or employees in any agency for breach of a fiduciary duty upon showing that said employee or employees by his or her or their acts or omissions has or have exposed said individual or class of individuals to an injury or harm, or risk of injury or harm, from which they are to be protected by the employee or employees".

Civil Rights Act 11. 371 "While supervisory employee may be joined as party defendant in Title VII action that employer must be viewed as being sued in his capacity as agent of employer, who is alone liable for violation of Title VII. Civil Right Act of 1964, $ 701 et seq. as amended, 42 U.S.C.A. $ 2000e et seq.

# E. <u>INDIVIDUAL Named Defendants Can be Held Liable Under Title VII</u>

Defendants argue that individuals can not be sued under Title VII. However the plaintiff

16

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
disagrees. Title VII of the Civil Rights Act of 1964 forbids employment discrimination against

"any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L.

88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its

anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or

job applicant because that individual "opposed any practice" made unlawful by Title VII or "made

a charge, testified, assisted, or participated in" a Title VII proceeding of investigation. §2000e-

3(a).


Federal statute, 42 U.S.C. Section 1983 does not create new civil rights. Instead, it allows

individuals to sue state actors in federal courts for civil rights violations. To gain federal

jurisdiction, i.e., access to a court, the individual must point to a federal civil right that has been

allegedly violated. These rights are encoded in the U.S. Constitution and federal statutes.

The statute reads:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State

or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action

brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to

the District of Columbia shall be considered to be a statute of the District of Columbia.

For most of its history, the Act had very little effect. The legal community did not think the statute

served as a check on state officials, and did not often litigate under the statute. However, this

changed in 1961 when the <u>Supreme Court of the United States</u> decided *Monroe v. Pape*, 365 U.S.

167. In that case, the Court articulated three purposes that underlay the statute: "1) 'to override

certain kinds of state laws'; 2) to provide 'a remedy where state law was inadequate'; and 3) to

provide 'a federal remedy where the state remedy, though adequate in theory, was not available in

practice.'" Blum & Urbonya, Section 1983 Litigation, p. 2 (Federal Judicial Center, 1998)

(quoting *Monroe v. Pape*). *Pape* opened the door for renewed interest in Section 1983.

Now the statute stands as one of the most powerful authorities with which federal courts may

protect those whose rights are deprived. It is most often used to sue police and other state officials

who allegedly deprived a plaintiff of Constitutional rights within the criminal justice system.

<u>Section 1983</u> of the Civil Rights Act provides a way individuals can sue to redress violations of

federally protected rights, like the <u>First Amendment</u>, <u>Fourteenth Amendment</u> and <u>Equal</u>

<u>Protection Clause</u> of the <u>Constitution</u>. <u>Section 1983</u> prohibits public sector employment

discrimination based on race, color, national origin, sex and religion.

Another federal statute, 42 U.S.C. § 1983, conf2002ers a cause of action for violations of the

Constitution and federal laws. *E.g. Wright v. Roanoke Housing Authority*, 479 U.S. 418 (1987);

*Maine v. Thiboutot*, 448 U.S. 1 (1980) (discussing Social Security Act). To determine whether a

18

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
federal law is enforceable pursuant to § 1983, the Supreme Court asks: (1) whether the statute

creates an enforceable right and (2) whether Congress has foreclosed enforcement of the statute in

the enactment itself. *Wilder v. Virginia Hospital Ass'n*, 496 U.S. 498, 508 (1990)

 The Plaintiff contends that her termination was motivated by discrimination on the basis of the

Plaintiff's race, age, sex, retaliatory based on her participation in the administrative complaint

process investigation conducted by a Ms. Geiger, identifying discrepancies and mismanagement

by Deputy Superintendent Dunbar and Senior Consultant Robinson, constantly requesting

investigations into matters of concerns at Oak Hill, which required management to actually work

in violation of her First Amendment Rights, the 1994 Fair Employment practices, the National

Labor Relations Act of 1935, anti retaliation laws, civil service laws.

The Plaintiff contends that the Director Schiraldi allowed  Superintendent Evans and his Senior

Management team to identify him and several other MSS employees for wrongful termination,

based on intentional discrimination motivated by premeditated animus expressed statements or

comments, and harmful actions. The plaintiff believes that he has established a prima facie case

given OHYC management engaged in a pattern of discriminatory practice denying the plaintiff

him full exercise of rights guaranteed by the statue. Illegal discrimination activity was the

standard operating procedure of the defendants. (See e.g. Feazell v. Trapicana Prods, Inc. 819

F.2d 1036, 1040 (11th Cir. 1987. The plaintiff contends

**Therefore**, Mr. Shiraldi, as the Director must be held personally responsible for breach of the

defendant's fiduciary duties or other state laws causes of action if the agency is harmed as a result

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
of their discriminatory practices.

In addition, the Director has not required or provided limited if any training for the defendants, or

established any process to monitor the policies and practices relating to establishing continued

effectiveness in preventing discrimination at OHYC.

**F. Plaintiff Has 5th Amendment Due Process Claim As an At Will Employee**

Defendants are correct when they state to sustain a 5th amendment due process claim; the

plaintiff must establish that he has a legitimate expectation of confined employment.

On October 19, 2006, the plaintiff received written notification that she was being

terminated chapter 38 of **the District Personnel Manual (DPM)** for "no cause" and

because the plaintiff was classified as an at-will employee under Management Supervisory

Service (MSS).

On October 23, 2006, Council member Marion Barry requested an explanation from

Director Schiraldi of the rationale for the mass firing of MSS employees on October 19,

2006.

On October 24,2006, Mark Schindler, Chief of Staff, in response to Council member

Marion Barry's request reported via telephone to E. Faye Williams, Esquire, the Chief of

Staff for Council member Barry, that the Plaintiff was terminated because she was

incompetent and rarely came to work. However this explanation is entirely different than

what was cited in the letter provided to the plaintiff on October 19, 2006. (see affidavit of

20

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
　　E. Faye Williams )

October 25, 2006, Mayor Elect and Chairman of the Human Services

Committee, Adrian Fenty requested an investigation of the rationale

for the mass firings on October 19, 2006.

On October 26, 2006, Director Schiraldi responded to the plaintiff's request for the

process he used in deciding to terminate the plaintiff via email. He suggested that he had

spoken with several staff, residents, and their families about the plaintiff's job

performance as it relates to progress at OHYC, and used this information in part, as the

basis for his decision to terminate the plaintiff. Here again is additional mitigating

information that the plaintiff had no opportunity to respond or to defend hisself.

Up until December 14, 2006, the plaintiff thought he was simply terminated for no cause

due to being misclassified as MSS at-will employee. However that opinion change once he

picked up his Form-1 that afternoon. It shows that his terminated which falls under

The plaintiff contends and the documentations will support that he was a **DS-Career Service**

**employee,** when he was wrongfully terminated as a MSS employee. Moreover, the agencies Form

50 indicate that he was RIF (Reduction in Force)

Once again the action detailed on the plaintiff's form 1 differs greatly from the letter of

termination received on October 19, 2006.

On or before December 14, 2006, employee picked a copy pf his form 50, from DYRS personnel

representative, Carol Brown, at which time he became aware that he was riffed. Since the

21

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

employee form 50 indicated he was riffed, it should be noted that the following day his job was

posted on DCOP web site. On November 3, when the employee received his initial termination

notice , he was unaware he was terminated due to a reduction on force. At that time his letter

indicated he was terminated in accordance with $3818 of the DPM. The OEA has jurisdiction

due to conflicting reasons for his termination. The Agency failed to give the employee a 30 day

notice as required by Chapter 24 of the DPM.

The employee is a veteran. As a veteran employee the Agency deviated from the retention as

required by Chapter 24 of the DPM, section 2422, and 2423 for Riffed employees.

The Director of DYRS, Vincent Shiraldi, reported via termination letter that he terminated

the plaintiff in accordance with §3818 of the District Personnel Manual (DPM); via Chief

of Staff as a result of the employee's incompetence and failure to report to work; and via

direct email as a result of numerous reports of the employee's poor performance and

progress at OHYC. The reasons cited by the DYRS for the employee's termination are

ambiguous and violate the D.C. Official Code, numerous employment laws, and several of

the DYRS policies. Therefore, it was impossible for the plaintiff to receive fair and

unbiased treatment through the termination process implemented by the Director.

The Director identified performance issues and attendance issues as reasons, in part, for

terminating the plaintiff. The Director failed to provide any documented proof of poor

22

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

performance of the plaintiff in his official capacity of Supervisory Correctional

Officer/Unit Manager. The plaintiff enforced policy where conduct of the residents was

out of compliance. In addition, the plaintiff has not been absent or on unapproved leave

since his hire. Therefore, the validity of what is alleged by the DYRS depends on

credibility and motivation.

The Director failed to follow the parameters of the performance management program,

D.C. Official Code § § 1-609.51 through 1-609.58 (2001), which is the systematic process

by which an agency involves its employees, as individuals and members of a group, in

improving performance in the accomplishment of agency mission and goals (DPM

1402.1). Subsequently, the Director failed to a) Communicate and clarify organizational

goals to employees; (b) Identify individual and, where applicable, team responsibilities

and accountability for accomplishing organizational goals; (c) Identify and address

developmental needs for individuals and, where applicable, teams; (d) Assess and improve

individual, team, and organizational performance; (e) Use appropriate measures of

performance as the basis for recognizing and rewarding accomplishments; and (f) Use the

results of performance appraisal as a basis for appropriate personnel actions (DPM

1402.2a-f).

Further, as an employee of the District of Columbia government, the plaintiff was never

informed of any deficiencies in his work performance in a timely manner, throughout the

rating period so that, to the extent possible, he is given an opportunity to overcome such

23

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

deficiencies and improve his performance (DPM 1402.3a). Each supervisor shall

complete a Performance Plan outlining what is expected for each covered employee (DPM

1406.1). The plaintiff was not given a Performance Plan as dictated in the DPM.

Therefore, the reason of poor performance is not valid if the DYRS has failed to identify

and discuss with the plaintiff performance competencies, and how each competency would

relate to the plaintiff's job. (DPM 1406.1 through 1409.3).

Therefore the plaintiff request the court to assist by requiring that each distinct occurrence

be analyzed and determined if plaintiff is correct in his assertion that the defendants and

DYRS terminated him without affording him due process of law and deprived the plaintiff

of his rights secured by due process clause of the United States Constitution.

## G. **Plaintiff has exhaust His/Her Administrative Remedies**

Defendant is correct in stating plaintiffs are required to exhaust their administrative

remedies as a condition precedent to filing a Title VII lawsuit.

On November 7, 2006, Plaintiff filed a formal complaint with **EEOC and** also sent a

certified mail, dated November 22, 2006 and received November 24, 2006 with a. return

receipt copy to Mr. Fitzgerald Fant at OHYC, 8300 Riverton Ct, Laurel, Maryland, (article

After 18 days had passed, the plaintiff made several attempts to contact Mr. Fant was told

each time he was not available due to being on vacation. Subsequently, Ms. Melinda

Morgan, Human Resource specialist was also contacted in an effort to secure an exit letter

to be used for The District Government's Human Rights office. The plaintiff was told only

24

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Mr. Fant could provide the exit letter. As a result of DYRS EEOC Official counselor,

Fitzgerald Fant's refusal to supply an exit letter based on my filing an EEOC complaint

within the plaintiff's respected agency, the plaintiff file a formal complaint on November

7, 2006 with U.S. Equal Employment Opportunity Commission, Washington field office,

The complaint was forwarded to the Baltimore Office of EEOC and the plaintiff received

a inquiry # 570-2007-00364N, and the case was assigned to Mr. Bruce Kegan 410 962-

3933.

Based on the aforementioned documentation of efforts taken administratively by the

Plaintiff the court should determine that the proper steps and remedies were undertaken in

an attempt to bring this wrongful termination to a resolution. However, the defendants and

DYRS has not shown good faith and answered inquiries and investigations concerning

why they undertook the steps they did in terminating the plaintiff. That is why I now ask

the courts assistance in determining and separating the unique issues surrounding this case.

## *CONCLUSIONS*

As a pro se the Employee need not be "exact." Haines v. Kerner 404 U.S. 519 (1972). However,

the Plaintiff has been quite specific in alleging that the Agency wrongfully terminated him and

utilized disinformation, public defamation of character, and intimidation, to encourage public

support for regulations under the color of which the Agency has deprived the Plaintiff of rights

and privileges guaranteed under the Constitution of the United States.

25

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

The actions of the defendants may be deemed appropriate if the evidence points but one way and

is susceptible to no reasonable inferences which may support the Plaintiff's position. Moreover,

the integrity of the investigation and the fairness of the termination decision are highly

questionable.

The actions of the defendants were damaging toward the Plaintiff. The Director and the

defendants violated the Plaintiff's rights under the First and Fifth Amendments, severely

punished the Plaintiff for exercising his rights, and published defamatory statement(s) about the

Employee that have caused him emotional distress. More importantly, through examination of the

Director's decision, the Plaintiff has discovered that the Director's termination decision of the

Plaintiff was also a result of his adhering to policy. In addition, the termination process was

severely flawed. It did not allow for a fair and unbiased process to take place. It was one-sided

and described by some of the staff after attending the meeting as a "set-up".

An important fact to note is that the Superintendent created a very hostile working environment

for the Plaintiff. Through poor management decisions such as giving directives to the Plaintiff

colleagues to "write him up" without justification, and the decision to use the frivolous write-ups

as cause to terminate him, placed the Plaintiff at a clear disadvantage in performing his duties.

The Superintendent engaged in behavior that clearly discriminated and undermined the

26

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

responsibility of the plaintiff and penalized him for adhering to the agency policy. The entire

termination process was based on unethical practices. These actions, warrants the review by this

court and should show the venue for jurisdiction in this case.

Further, the DYRS, and management stated that the plaintiff is incompetent and rarely came to

work. This is a gross slandering of the character of the plaintiff. The plaintiff has documented as

well as verbally reported, the illegal and unethical behavior of other management staff and

submitted it to the Superintendent and Deputy Director. It appears that the decision of

termination only applies in cases where the Superintendent is the initiator of a complaint.


The plaintiff believes that the court has the exclusive functioning of appraising credibility,

determining the weight to be given to the testimony, drawing inferences from the facts

established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact. The

line is drawn by the laws of logic.


Finally, the plaintiff has documented proof to support all the statements made in this appeal.

However, the law suggests that the burden of proof is not on the plaintiff to his innocence, but on

the employer to prove his guilt. In this country, the plaintiff is presumed innocent until proven

guilty. The DYRS/Agency has not supplied through any of the information given to the

Employee factual data that would support even a part of the termination decision.


27

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Therefore, the Employee respectfully request that the court correct this matter of wrongful

termination and make the plaintiff whole. The plaintiff requests that the court ruled that it has

jurisdiction over this appeal, and grants a hearing to reinstate him to a career service status

position within the agency for which he is qualified.


Henry Davis
8001 Boundary Drive
Forestville, Maryland 20747




WHERFORE, the Plaintiff respectfully request this court to not grant the defense motion

to dismiss this case.

Henry Davis v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HENRY DAVIS
8001 Boundary Drive
Forestville, Maryland 20747

       Plaintiff

       v.

**Department of Youth**
**Rehabilitation Services**
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**Civil Action No: 06-2264**

## ORDER

Upon consideration of Defendant's Motion to Dismiss, and the Plaintiff's Opposition filed

therto, it is this _____ day of _____

2007.

       **Ordered,** that Defendant's Motion be and hereby is **Denied.**

_____

**JUDGE**

1

**Copies to:**

**Vincent Schiraldi, Director**
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent**
**Of Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**Pili Robinson, Senior Consultant to the**
Department of Youth Rehabilitation
The Missouri Youth Service Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

**David J. Thomas, Deputy Superintendent**
Of Operations
8300 Riverton Court
Laurel, Maryland 20724

**Andrew T. Wise**
**MILLER & CHEVALIER CHTD**
655 Fifteenth St., N.W.
Suite 900
Washington, DC 20005

**Leah Brownlee Taylor**
Assistant Attorney General
441-4[th] St. NW, 6th Floor
Washington, DC 20001

2

## CERTIFICATION PURSUANT TO RULE 5 (C ) AND 5 (i)

I hereby certify that I sent a copy of this motion to Chambers.

Henry Davis

I hereby certify that a copy of the foregoing Opposition of Defendant's Motion was mailed first class, postage pre-paid, this 31st day of January, 2007, to:

**Vincent Schiraldi, Director**
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent
Of Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**Pili Robinson, Senior Consultant to the**
Department of Youth Rehabilitation
The Missouri Youth Service Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

**David J. Thomas, Deputy Superintendent**
Of Operations
8300 Riverton Court
Laurel, Maryland 20724

**Andrew T. Wise
MILLER & CHEVALIER CHTD**
655 Fifteenth St., N.W.
Suite 900
Washington, DC 20005

**Leah Brownlee Taylor**
Assistant Attorney General
441-4th St. NW, 6th Floor
Washington, DC 20001

**Cathy Ohler, Human** Resource Spec.
8300 Riverton Court
Laurel, Maryland 20724

Henry Davis

# GOVERNMENT OF THE DISTRICT OF COLUMBIA

OFFICE OF EMPLOYEE APPEALS



REPLY TO:
717 14TH STREET, N.W.
3rd Floor
WASHINGTON, D.C. 20005
(202) 727-0004
FAX (202) 727-5431

## PETITION FOR APPEAL
### (PLEASE TYPE, OR PRINT LEGIBLY)

## SECTION A: PERSONAL INFORMATION
### (This section must be completed.)

| | | |
|---|---|---|
| 1. | SOCIAL SECURITY NUMBER: | *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* |
| 2. | TITLE: (Mr.) Ms. Mrs. Miss Dr. (circle one) | |
| 3. | LAST NAME: | *Davis* |
| 4. | FIRST NAME: | *Henry* |
| 5. | STREET ADDRESS: | *8001 Boundary Dr* |
| 6. | APARTMENT NUMBER: | |
| 7. | CITY/STATE/ZIP CODE: | *Forestville Md 20747* |
| 8. | PHONE NO(S): (Home): (301) 499-4121 (Work): ( ) | |

THIS BOX FOR OEA USE ONLY

05 NOV 17 PM 2: 42

DATE OF RECEIPT _____

POSTMARK DATE _____

OEA MATTER NUMBER _____

## IMPORTANT NOTICE
Two signed copies of this form must be filed with:
**THE OFFICE OF EMPLOYEE APPEALS**
**717 14TH STREET, NW**
**THIRD FLOOR**
**WASHINGTON, DC 20005**

You may file this form:  (1) via facsimile (202.727.5631); (2) in person, Monday through Friday between the hours of 9:00 am and 5:30 p.m (except on District Government holidays); or, (3) by mail at the address noted above.

Note that as a general rule, we require two copies of all documents that you file with this Office.

It is your responsibility to keep this Office informed of changes in address or telephone numbers. If you do not receive official notices because this Office does not have your current address, your appeal may be dismissed for failure to respond to the notice.

If you are appealing a RIF, complete sections A, B, D, and E. For appeals of adverse actions, complete sections A, B, C, and D. Be sure to file your appeal within the timeframe stipulated in the notice you received. Attach copies of any correspondence that you received from the Agency pertaining to your appeal.

(Rev. 1/00)

*Davis 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*

**Last Name and Social Security Number**

**Page 2**

## SECTION B: YOUR EMPLOYMENT HISTORY

### (This section must be completed.)
### (Please type, or print legibly.)

9.  A.  NAME OF AGENCY: *Dept of Youth & Rehabilitation Service*

    B.  ADDRESS OF AGENCY: *8300 Riverton G Laurel MD 20724*

10. A.  WHAT IS YOUR POSITION TITLE: *Youth Development Specialist*

    B.  HOW LONG HAVE YOU HELD THIS POSITION? *4 mon*

11. WHAT IS YOUR GRADE/STEP/SALARY? *11/00 - $56,600*

12. HOW LONG HAVE YOU HAD THIS GRADE/STEP/SALARY? *1 mon*

13. HOW LONG HAVE YOU WORKED FOR THE GOVERNMENT?

    District Government: *17 yrs*          Federal Government: _____

14. HOW LONG HAVE YOU WORKED FOR YOUR AGENCY? *17 yrs*

15. WHAT TYPE OF SERVICE DO YOU HAVE? (circle one)

    (CAREER) —  EXCEPTED      EDUCATIONAL         DON'T KNOW

    OTHER: _____

16. WHAT TYPE OF APPOINTMENT DO YOU HAVE? (circle one)

    (PERMANENT)   TERM      TEMPORARY      PROBATIONARY

    DON'T KNOW        OTHER: _____

Davis 2~~~~-66-6889
Last Name and Social Security Number
Page 3

## SECTION C: AGENCY ACTION
(Please type, or print legibly.)
(If you are appealing a reduction-in-force (rif), go to page 5).

**17.** Briefly describe the action you want to appeal. Why do you think the Agency was wrong in taking this action? You may attach continuation sheets, as well as any relevant documents, memos, letters, forms (etc.).

Wrongful termination under retaliation for wrongful catorizing of MSS status failed to follow written policy of DPM violating my Rights as District Gov Employees

**18.** When did the Agency propose taking this action (month, date, year)?    10-19-06

**19.** Did the Agency hold a hearing?  ___ Yes   X No    If "Yes," when? _____

**20.** When did you receive written notice of the final decision (month, date, year)?  10-19-06
(Attach a copy of the proposed notice, and the final decision letter)

**21.** What was the effective date of the Agency's action?    11-3-06

**22.** What relief are you seeking, i.e., what do you want this Office to do?

Reinstatment of position the right to a hearing

**23.** At the time of the Agency's action, were you a member of a collective bargaining unit (union)?
X Yes   ___ No    If "Yes," which unit?:  F.O.P

**24.** At the time of the Agency's action were you serving a probationary or trial period with Agency?
___ Yes   X No

## SECTION E: OTHER

This section must be completed for RIF appeals and adverse action appeals.
You must sign this form in the space below.

**A.**    Have you filed an appeal, grievance, or complaint with your agency or with any other agency concerning this matter?

_____ Yes         _____ No

If you answered "Yes," when and where did you file?

_____
_____

If you answered "Yes" has a decision been issued?     _____ Yes          _____ No

     If a decision was issued, when was it issued (date)?  _____

     If a decision was issued, who issued the decision? _____

**B.**    Have you filed a discrimination complaint or a complaint of unfair labor practice with your agency or any other agency regarding this matter?

_____ Yes         _____ No

If you answered "Yes," when and where did you file?

_____
_____

If you answered "Yes," has a decision been issued?     _____ Yes          _____ No

     If a decision was issued, when was it issued (date)?  _____

     If a decision was issued, who issued the decision? _____

## HEARING

Your appeal will be assigned to an administrative judge.  The administrative judge shall determine whether a hearing is required.  If a hearing is not held, the administrative judge will make a decision on the basis of the documents submitted into the record.  If a hearing is scheduled, you will be notified of the date, time, and location of the hearing.

_____          _____
**EMPLOYEE'S SIGNATURE  (DO NOT PRINT)**                              **DATE**

## SECTION D: REDUCTION–IN–FORCE (RIF)

**Complete this page only if you are appealing from a Reduction–In–Force (RIF). Your Agency's personnel office can furnish you with most of the information requested below.**

**R1.**   Your Tenure Group: _____

**R2.**   Your Service Computation Date: _____

**R3.**   What was the month/date/year of the RIF notice? _____

**R4.**   What month/date/year was the RIF effective? _____

**R5.**   Were you offered another position?              ____ Yes                    ____ No
      If "Yes," did you accept the position?     ____ Yes                    ____ No

**R6.**   If you were offered another position and you accepted the position, please complete the following information:

    **A.**   Title of position you were offered: _____

    **B.**   Grade and Salary of position you were offered:_____

    **C.**   Location of position you were offered: _____

    **D.**   Type of Service you were offered:  (circle one)

        **CAREER**            **EXCEPTED**            **EDUCATIONAL**

        **DON'T KNOW**     **OTHER:** _____

    **E.**   Type of Appointment you were offered:  (circle one)

        **PERMANENT**     **TERM**     **TEMPORARY**     **PROBATIONARY**

        **DON'T KNOW**           **OTHER:** _____

**R7.**   Explain why you believe that you should not have been riffed.  For example, were you placed in the wrong tenure group?  Was an error made in the computation of your service computation date?  Was the competitive level too narrow?  The foregoing are just examples.  Please provide as much information as possible as to why the Agency made a mistake.  You may write on the back of this page, attach continuation sheets, as well as any relevant documents, memos, letters, forms (etc.).

_____

_____

_____

_____

DC Standard Form 52
Office of Personnel
District of Columbia Personnel Manual
Rev. 9/21/03

**REQUEST FOR PERSONNEL ACTION**

DEPARTMENT:
**HUMAN SERVICES/YSA**

**PART I.    REQUESTING OFFICE:** Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain required action and separation data on reverse side.

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle) Mr.-Mrs.-Miss-Ms. Mr | 3. EFFECTIVE DATE | 4. BIRTH DATE |
|---|---|---|---|
| 294  66  6889 | DAVIS, HENRY C. | 02  18  2003 | 02  01  1961 |

A. Kind of Action Requested:
(1) Personnel (Specify appointment, reassignment, resignation, etc.)
PROMOTION-

(2) Position (Specify establish, review, abolish, etc.)

B. Request No.   YSA040519
C. Date of Request
D. Proposed Eff. Date
E. Workforce Plan No.

| 5. VETERAN PREFERENCE 1–None  2–5 PT  3 –10 PT | 6. DC SCD | 7. TOTAL SCD | 8. Handicap Code: | 9.Retirement (1 – 15) |
|---|---|---|---|---|

| 10. FEGLI | Basic | Option A | Option B | Option C | 11A. Pay Schedule ID | 11B. Bargaining Unit: XAA | 12. Tenure Group (1, 2, 3) and (AD, A or B) |
|---|---|---|---|---|---|---|---|

13. NATURE OF ACTION/CODE:
NTE DATE:
14. AUTHORITY:
15. HB Code: Carrier Control No:

| 16. FROM: Position Title and Number | Service Code | 17. Pay Plan and Series | 18. (a) Grade | (b) Step | 19. Salary | Time Service: 80 |
|---|---|---|---|---|---|---|
| CORRECTIONAL OFFICER #0154429 | A | DS-00007 | 08 | 04 | $41,415.00 | Flag (1-8) |

20. Name and Location of Organizational Unit
DHS/YSA/BUREAU OF DETENTION SERVICES

Additional Comp. $
21. Payroll Org Code 67-605-751
Pay Group 02

| 22. TO: Position Title and Number | Service Code | 23. Pay Plan and Series | 24. (a) Grade | (b) Step | 25. Salary | Time Service: 80 |
|---|---|---|---|---|---|---|
| SUPV CORRECTIONAL OFFICER #0154429 | A | DS-00007 | 10 | 10 | $45,754.00 | Flag (1-8) |

26. Name and Location of Organizational Unit
DHS/YSA/BUREAU OF DETENTION SERVICES

Additional Comp. $
27. Payroll Org Code
Pay Group 02

28. Labor Distribution Rule

| AGCY | YR | INDEX | PCA | PROJ | PP | GRANT | GP |
|---|---|---|---|---|---|---|---|
| J A O | 0 4 | A P Y C S Y | 5 0 0 2 | | | | |

28a. Employment Type
1. Full-Time  4. Part-Time Temp
2. Part-Time  5. Intermittent
3. Full-Time Temp    1

29. Labor Distribution Rule is Certified Correct
_Sherelle Corner_
Agency Controller or Designee    6/9/04  Date

30. Target Grade:
31. Physical Location Code

F. Remarks by Requesting Office (Continue in Item on Reverse Side, if necessary)

32. Employment Date

**IN ACCORDANCE TO SETTLEMENT AGREEMENT- PLUS BACK PAY TO BE PAID**

G. Requested By: (Signature and Title) (Leave blank on resignations)
ALICE S. HOLLAND, HUMAN RESOURCES MANAGER
H. For Additional Information Call: (Name and Telephone Number)
SAME AS ABOVE (240) 456-5037

I. Request Approved By: (*)
Marceline D. Alexander, Interim Administrator
Department Head
_Marceline D. Alexander_
(Signature)

**PART II. TO BE COMPLETED BY PERSONNEL OFFICE** (Items inside heavy lines in Part I also to be completed.)

J. Position Classification Action:

K. Clearances
(1) Ceiling or Position Control
(2) Budget Clearance
(3) Pers. Ofc. Control
(4) Classification
(5) Staffing
(6) Employee Relations

Identical Additional   Initials or Signature
New   Vice   Regraded
(8) Remarks: (Note: Use Item 8 on Reverse side for Personnel Form-1 Remarks)
(9) Qualification Standards:
(10) Classification

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF HUMAN SERVICES

**Youth Services Administration**
**Oak Hill Youth Center**



## MEMORANDUM

TO:       Henry Davis
             Supervisory Correctional Officer

FROM:     Nathaniel D. Williams Jr.
             Acting Superintendent

DATE:      4.13.04

SUBJECT:   Duty Assignment

Effective Sunday, April 18, 2004 you are assigned as the Security Transportation Supervisor at Oak Hill Youth Center. Your tour of duty will be from 6:30 am to 3:00 pm. Your attendance in roll call is mandatory. Your days off are every Sunday and Monday. You will report to the AM Shift Commander on duty each morning for briefing and debriefing. Your direct line of supervision is the Assistant Superintendent Operations. Thank you in advance for your much needed cooperation.

cc:       M. Alexander
         M. Back
         J. Manuel
         A. Holland
         File

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Youth Rehabilitation Services**

Office of the Superintendent

# MEMORANDUM

**TO:**       Henry Davis
             Supervisor Correctional Officer

**FROM:**   LaVern Evans
             Superintendent, OHYC

**DATE:**    January 17, 2006

**SUBJECT:**  Reassignment

---

Effective, Friday, January 20, 2006 you will be reassigned as the Unit Manager of the MOD.
Your hours will be from 12:30 pm to 9:00 pm. and you will keep your same days off Sunday and
Monday.  If you have any questions or concerns please feel free to contact my office at 240-456-
5255.  Thank you for your cooperation in this matter.

cc:    D.J Thomas
       G. Powers
       T. Wright
       Shift Commanders
       Payroll
       File

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF YOUTH REHABILITATION SERVICES

Youth Rehabilitation Services
Oak Hill Youth Center

★ ★ ★



## MEMORANDUM

**TO:**       LaVern Evans
              Superintendent, OHYC

**FROM:**     Henry Davis
              Supervisory Correctional Officer

**DATE:**     June 1, 2006

**SUBJECT:**  Response to Notice of Admonition (Conduct)

---

This memorandum is in response to the Notice of Admonition (Conduct) dated May 5, 2006 that was delivered to me on May 31, 2006.

Your memorandum alleges that I departed the facility without authorization and spent only seven hours in a duty status. When, in fact, I spent eight hours in a duty status. Upon exiting the facility on April 18, 2006, I reported to the warehouse to obtain supplies for my assigned unit. As a unit manager, it is my responsibility to ensure that we have the necessary supplies to provide a safe and humane environment for the youth we serve. To that effect, it is necessary to visit the warehouse from time to time. When did going to the warehouse for supplies become being absent without approved leave?

You further stated that, "Your unauthorized departure clearly violated the agency's policy regarding duty hours." To date, I have never been made aware of such a policy. Please provide me with a copy of said policy and a signed receipt, with my signature, showing that it was issued to me.

In August of 2005, I had some medical concerns which required me to be on leave until November of that year. After conferring with my physician I have requested, on two separate occasions, to be transferred to the Youth Services Center. My request was denied both times. Since making the requests to transfer my loyalties to Oak Hill have been questioned. I somehow feel like this Notice of Admonition is in retaliation for my requests to transfer to YSC.

Response to Notice of Admonition
June 1, 2006
Page 2

I have served this agency as a loyal employee for the last fifteen (15) years without ever being reprimanded. Throughout my tenure, I have exemplified responsibility, dependability and professionalism. I have never received anything less than excellent on my performance evaluations.

I am requesting that the Notice of Admonition for unauthorized absence be withdrawn and the AWOL reversed.

Cc:    David E. Brown, Deputy Director
       Fitzgerald Fant, Human Resources Manager

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DYRS

**Department of Youth Rehabilitative Services**
**Oak Hill Youth Center**



**Department Head Meeting:**

**TO:**        Henry Davis
              Supervisory Youth Development Specialist

**FROM:**      LaVern Evans
              Superintendent for Operations-OHYC

**DATE:**        June 21, 2006

**SUBJECT:**     Duty Assignment

---

Effective Sunday June 25, 2006, you be detailed as the Shift Commander
for the p.m. tour of duty. Your hours of operation will be from 2:30 p.m.
until 11:00 p.m. and you assigned days off will be Sunday and Monday.
Should you have any questions, please feel free to contact the office of
the Superintendent at 240-456-5255. Thank you in advance for
operation in this matter.

Cc:/

D. Dunbar
D.J. Thomas
G. Corbett
C. Crawley
Payroll
File

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Youth Rehabilitation Services**



★ ★ ★

Office of the Superintendent
OHYC

## MEMORANDUM

**TO:**        Henry Davis
              Supervisor Youth Development Specialist

**FROM:**      LaVern Evans
              Superintendent

**DATE:**      June 21, 2006

**SUBJECT:**   Duty Assignment

Effective Sunday June 25, 2006 you will be assigned as the Shift Commander for the PM tour, your hours will be 2:30pm- 11:00pm and your days off will be Sunday and Monday.  If you have any questions feel free to contact me at 240-456-5255.

Cc:    D. Dunbar
       D.J. Thomas
       G. Corbett
       C. Crawley
       Payroll

\

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DYRS



Department of Youth Rehabilitative Services
Oak Hill Youth Center

★ ★ ★

**Department Head Meeting:**

**MEMORANDUM**

| | |
|---|---|
| **TO:** | David Brown<br>Deputy Director |
| **THROUGH:** | Marc Schindler<br>Chief of Staff |
| **FROM:** | LaVern Evans<br>Superintendent for Operations-OHYC |
| **SUBJECT:** | Response to letter of Rebuttal |
| **REF:** | Supervisory Youth Development Specialist- Henry Davis |

In response to your letter of rebuttal dated June 1, 2006, referencing the Notice of Admonition.

On April 18, 2006, as described in the Notice of Admonition memorandum, I observed you punch the time clock and exit the facility. You failed to inform anyone that you were departing the facility therefore; there was no knowledge of your whereabouts.

Ordering and receiving supplies must first be requested by filling out a supply request form which is then approved by the Superintendent. Presently, we do not have a system where we take it upon ourselves to go to the warehouse to get our own supplies.

Referencing your duty hours, you received a memorandum from the office of the superintendent appointing you in your position as unit manager for modular 1&2 which detailed your duty hours and days off so therefore, if in fact you did not sign for a policy referencing your time and attendance certainly you received the memorandum placing you in the position as Unit Manager further, as a supervisory youth Development Specialist and a career service employee you are expected to know your duty hours.

**Page Two**
**Subject:  Response to Letter of Rebuttal**
**Ref:        Youth Development Specialist-Henry Davis**

Although you may have made several request for a transfer to YSC, as you know Oak Hill is presently operating below compliment as it relates to Supervisory Staff therefore, such a request could in no way be honored at the present time.  I am well aware of your loyalties to the agency, this is certainly not a despite, I am only trying to impress upon you the importance of accountability, the same type of accountability we expect from our subordinate staff, and it only makes sense that we model the same.

I would like to thank you for addressing your concerns in rebuttal format however; I remain firm in my decision to retain the letter of admonition in your file for a period of not more than three (3) years.

Again I thank you and it is my greatest hope that we may continually work cohesively together in the future.


**CC: /   Fitzgerald Fant**
**          Cathy Ohler**
**          File**

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF YOUTH REHABILITATION SERVICES

★ ★ ★



**Department of Youth Rehabilitation Services**
**Oak Hill Youth Center**

## MEMORANDUM

**TO:**    Lavern Evans
           Superintendent

**FROM:**  Henry Davis
           Supervisory Youth Development Specialist

**Date:**  October 18, 2006

**SUBJECT:** Request to Return to DS Status

---

This memorandum serves as a formal request to return to DS status. In June 2006, I received a letter from your office informing me that I would be moving into an MSS position.

I have never applied for nor requested to be placed in an MSS position. With my qualifications and experience, I would prefer to serve back in a position that allows me to work hands on with the youth in the care of DYRS.

Please consider my request to return to a DS status. Thank you in advance for your consideration.


Cc:   David Brown
      David Mohammed
      Marc Schindler
      Fitzgerald Fant

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Department of Youth Rehabilitation Services



**OFFICE OF THE DIRECTOR**

October 19, 2006

Mr. Henry C. Davis
8001 Boundary Drive
Forestville, MD 20747

Dear Mr. Davis:

In accordance with §3818 of the District Personnel Manual (DPM), this is a notice of at least 15 days of the termination of your Management Supervisory Service appointment as a Supervisory Correctional Officer, MS-0006-11, with the Department of Youth Rehabilitation Services (DYRS). Your separation from service with the District government will be effective Friday, November 3, 2006. As you know, employment in the Management Supervisory Service is terminable at-will and this termination action is neither grievable nor appealable.

Effective today, you will be placed on administrative leave during this notice period. You will be paid at your current salary and you will accrue both annual and sick leave. You are to immediately return all building keys, office keys, security badge(s), pass card(s), uniforms, cell phone(s), and any and all government property issued to you as a District Government employee. This includes all District Government paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media containing such documents, in your possession.

Payment for all unused annual leave will also be disbursed as a lump sum with the standard deductions for applicable taxes and withholdings. The annual leave check will be issued separately and no deductions will be made for retirement or other benefits.

You may be eligible to receive severance pay in accordance with Chapter 11 of the District Personnel Manual. Please contact Ms. Carol Brown, Human Resources Specialist, DC Office of Personnel at (202) 671-1307 to schedule an appointment to obtain information regarding severance pay and other benefits you may be entitled.

Thank you for your service to DYRS and the District government.

Sincerely,

Vincent N. Schiraldi
Director

cc: David E. Brown, Deputy Director
    David Muhammad, Chief of Committed Services
    Fitzgerald Fant, Human Resources Manager (DYRS)
    DC Office of Personnel

Henry C. Davis
Notice of Termination
Page 2

## **ACKNOWLEDGEMENT**

I, Henry C. Davis, hereby acknowledge receipt of this notice of termination of my Management Supervisory Service appointment as a Supervisory Correctional Officer with the District of Columbia's Department of Youth Rehabilitation Services effective Friday, November 3, 2006.

_____
Issued By:  Lavern Evans

_____
10-19-06
Date

_____
Employee Signature

_Refused to Sign_

_____
10-19-06
Date

_____
Witness Signature

_____
10-19-06
Date

Standard Form 50
Rev 3/06
District of Columbia Government

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle)<br>Davis,Henry C | 2. Social Security Number<br>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 | 3. Date of Birth<br>02-01-1961 | 4. Effective Date<br>11-03-2006 |
|---|---|---|---|

## FIRST ACTION / SECOND ACTION

| 5-A. Code | 5-B. Nature of Action | NTE: | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|---|
| 356 | Separation-RIF | | | |

| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
|---|---|---|---|
| 092 | Sec1-608.01(a)(12)(A) DC | | |

| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
|---|---|---|---|
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPERVISOR CORRECTIONAL OFFICER<br>PD: 006899          Position:    00036179 | |

| 8.Pay Plan | 9.Occ. CD | 10.Grd/Lvl | 11.Step/Rate | 12.Tot. Salary | 13.Pay Basis | 16.Pay Plan | 17.Occ. CD | 18.Grd/Lvl | 19.Step/Rate | 20.Tot. Salary/Award | 21.Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DS | 0006 | 11 | 00 | $56,740.00 | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $56,740.00 | $0 | $56,740.00 | $0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| Youth Rehabilitation Services, Department of<br>DYRS - MAIN<br>DYRS - COMMITTED SERVICES<br><br>Laurel MD USA | |

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1-None       3-10 Point/Disability       5-10 Point/Other<br>I    2-5 Point       4-10 Point/Compensable       6-10 Point/Compensable/30% | 0-None       2-Conditional<br>1-Permanent       3-Indefinite | | YES      X      NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0      Basic + Option C (4x) | 9      Not Applicable | 6      Special Rate |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| B    Defn Contrib Law<br>Enforce 5.5% | 03-31-1990 | F      Full Time | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Union Code / Barg Unit |
|---|---|---|---|
| 1-Competitive Service 3-SES General<br>2-Excepted Service 4-SES Career Reserved | E    E-Exempt<br>N-Nonexempt | | MSS / CH11 |

| 38. Employee Class | 39. Other Benefits |
|---|---|
| Continuing - CA SOAR          DCB : AETDCH | |

| 40. EMPLID/RCD | 41. DR.BCD | 42. DEPT ID | 43. Location ID | 44. Date Processed |
|---|---|---|---|---|
| 00011728  /  0 | 03-30-1998 | JZ40000000 | LOCDC00101 | 11-14-2006 |

Address:    8001 BOUNDARY DR
                    FORESTVILLE MD 207472539

45. Remarks
- Employee entitled to $27,641 severance pay to be paid at a rate of $1,170 per week for 23 weeks beginning on 11/05/2006.
- Lump-sum payment for any annual leave may be due.
- Forwarding address: SAME AS ABOVE

| 46. Employing Department or Agency<br>District Of Columbia Govt<br>Youth Rehabilitation Services, Department of | 50. Signature/Authentication and Title of Approving Official<br><br>Mary L. Montgomery<br>Dep. Director, MESA |
|---|---|
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date |
| DCGJZ | | |

1 -          Employee Copy

## Affidavit

**State of** Washington, DC

**County of**: N/A

I, **Dr. E. Faye Williams, Esq.,** over the age of 18 years old, declare under

penalty of perjury that the foregoing is true and correct.

I, **E. Faye Williams, Esq.,** hereby make the following statement to Linda
Cruz-Packer, who has been identified as Plaintiff and *pro se* litigant for
herself in Civil Action No: 06-2263 in the matter of *Linda Cruz-Packer v.
Department of Youth Rehabilitation Services (DYRS), et al.*

I currently serve as National Chair, National Congress of Black Women,
Inc., and have served in this position since October 2005.

I served as the Chief of Staff, for Councilmember Marion Barry, for the
District of Columbia, Ward 8, from March of 2006 until December of 2006.
As Chief of Staff, I had the ultimate staff responsibility for overseeing all
business matters relating to complaints that where filed in our office.

This affidavit is concerning my role with Plaintiff and several other
Management Supervisory Service employees who sought assistance from
our office regarding the Department of Youth and Rehabilitation Services,
and the knowledge I had concerning DYRS' response to our office inquiry
into this matter.

In October of 2006, I forwarded a written inquiry to Director Vincent
Schiraldi's office (DYRS) requesting a response to the reason(s) for the
firing of Ms. Cruz-Packer and several other Management Supervisory
Services (MSS) employees, who reported to our office that they were
wrongfully terminated without cause on October 19, 2006.

In response to our inquiry, I received a telephone call from an individual
who identified himself as Mark Schlindler, Chief of Staff, to the Director.

—

In summary, Mr. Schlinder informed me that Ms. Cruz-Packer and the others where not fired but had been terminated. He did not make a distinction to me between being fired and being terminated. When I asked him what was the difference between terminated and fired, he responded by saying that they all have been terminated due to their being not competent for their positions and that they wouldn't be hard to replace because of their excessive absenteeism, in that they rarely came to work. He also indicated they were not trainable for the new reform that was to take place—that they were not going in the direction that the Director wanted the Agency to go.

This is an accurate statement as to what Mr. Schlinder told me in response to the letter from Councilmember Barry.

_E. Faye Williams_ /Date _1/31/07_
(Affiant's Signature)

_Bernice J. Oden_ /Date _1 - 31 - 07_
(Witness' Signature)

**Subj:** **Fw: request for letter**
**Date:** 10/25/2006 1:23:45 AM Eastern Standard Time
**From:** dvop55@msn.com
**To:** manfreejl@aol.com, vdon5@verizon.net

what a bunch of bull.

—— Original Message ——
**From:** efayed@aol.com
**To:** dvop55@msn.com
**Cc:** eparsons@dccouncil.us
**Sent:** Wednesday, October 25, 2006 1:14 AM
**Subject:** Re: request for letter

It's on my computer at the office, and I won't be there in the morning.

Stop by the office when you are in the building, and ask Eric to look in the brown accordian folder in back of my chair in my office. The letter is in that file. Ask him to make you a copy of it.

I received a phone call from Shiraldi's Chief of Staff who essentially told me that those of you who were terminated did not kinow how to do the job to be done under the reform plan. He said management personnel are now doing the job you were doing, but that you didn't do very much to begin with because many of you rarely came to work! I asked if you were fired. He said, "No, you were terminated". I didn't get the distinction. I asked if you were being replaced. He said, "Yes". I asked by whom, and he said that a job announcement had been listed, and your jobs would be filled by whomever is selected with the skills needed. He said a few other things but I don't have my notes at home.

  E. Faye Williams, Esq.


-----Original Message-----
From: dvop55@msn.com
To: efayed@aol.com
Sent: Wed, 25 Oct 2006 12:38 AM
Subject: request for letter

Faye:

Could you please forward me a copy of the letter you sent to Mr. Sharaldi. We have a meeting tomorrow with Ms. Cropp at 10:30.

Thanks

Linda

Check out the new AOL. Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

Wednesday,    tober 25, 2006 America

# DECLARATION UNDER PENALTY OF PERJURY

### THE STATE OF MARYLAND

I _Moneka M. Greene_ over the age of 18 years old, declare under penalty of perjury that the foregoing is true and correct.

1.  On December 15, 2006, I accompanied Ms Packer to the Department of Youth Rehabilitation Services in Laurel, Maryland. I , Dr. Greene ask the receptionist in 8300 Riverton Court (CAB), who is the authorized person to receive and sign for mail delivered to that address? The receptionist identified herself as Bernadette Akinseye, and replied that it was her job to sign for and receive mail.

2.  On January 29, 2007, Ms Packer and I were on conference call as I , Dr, Green call the Youth Services Center in Washington, DC. An Officer (uNK) (female) answered the phone. I Dr. Greene, asked officer (female who is the authorized person identified to sign for and receive mail that is delivered to that address? Officer female replied that any officer assigned to the front desk in lobby is responsible for receiving and signing for all mail delivered to that address. Officer female stated that receiving the mail is one of the duties assigned to the front desk post.

3.  ON January 24, 2007, Ms. Packer Reported to my that, Wendy Montague was the officer authorize to sign for mail deliverd to that address. MB

Signed this 31 st day of January, 2007.

Sworn to before me this 31st day
of January 2007 at Washington, D.C.
E. Faye Williams, Notary Public
My Commission expires 01/02/2010

_____
Signature



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740

# INTAKE QUESTIONNAIRE
### (LOCAL USE FORM 283)
This form is covered by the Privacy Act of 1974. See the Privacy Act
Statement on the last page of this document before completing this form.

EEOC USE ONLY
INQUIRY #:
570-2007-00364N

**Please print your answers to the following questions. When finished, sign and date on Page 5.**

First Name: Henry    MI: C    Last Name: Davis

Address: 8001 Boundary dr    Apt. 

City: Forestville    State: Md    Zip Code: 20747    County: Prince Georges

Telephone #: Home ( 301 ) 499-4121    Cell (240) 398-1664

Work (    ) 

Email: 

Date of Birth: 2-1-61

Gender: [X] Male    [ ] Female

Race: [X] Black    [ ] White    [ ] Other Race 

[ ] American Indian or Native American    [ ] Asian or Pacific Islander

National origin: [ ] Mexican    [ ] Hispanic    [ ] Arab, Middle Eastern

[ ] East Indian    [ ] Other 

Provide the following information for a person we can contact if we are unable to reach you:

First Name: La Aetta    MI: R    Last Name: Davis

Address: 17 S Juniper St    Apt. 

City: Hampton    State: Va    Zip Code: 23669    County: 

Telephone #: Home (767) 722-0038    Cell (301) 758-0088

Work (    )

## ORGANIZATION AGAINST WHICH CHARGE IS BEING FILED – (EMPLOYER/UNION/ EMPLOYMENT AGENCY/APRENTICESHIP PROGRAM)

Organization Name: Department of Youth and Rehabilitation Services

Address of actual workplace: 3201 Oak Hill Dr Laurel Md 20724

Suite # _____

City: Laurel    State: Md    Zip Code: 20724    County: Anne Arundel

Telephone: (240) 456-5000

Type of business: Juvinile Corrections

Number of employees: [ ] 15-100   [ ] 101-200   [X] 201-500   [ ] 500+   [ ] under 15

## CORPORATE OFFICE INFORMATION

Company Name: Dept of Youth & Rehabilitation Services

Address: 8300 Riverton Ct    Suite # _____

City: Laurel    State: Md    Zip Code: 20724    County: _____

Telephone #: (240) @ 456-5000

Name and Title of Employer Representative (President/Vice President/CEO/Human Resources Director/Manager, etc.): Fitzgerald Fant

## OTHER EMPLOYER/ORGANIZATION – You want to include in the filing of this charge. (EMPLOYER/UNION/EMPLOYMENT AGENCY/APRENTICESHIP PROGRAM)

Company Name: _____

Address: _____ Suite # _____

City: _____ State: _____ Zip Code: _____ County: _____

Telephone #: ( ) _____

## EMPLOYMENT DATA

Date of hire: 3-30-98 Job title: Corrections Ofice Date of separation/termination: 11-3-06

Earliest date of harm: _____ Latest date of harm: _____

You believe you have been discriminated against because of: *(Check all that apply)*

[ ] Race        [ ] Color       [ ] Religion      [ ] National Origin

[X] Age (40 or above)    [ ] Disability    [ ] Sex    [ ] Pregnancy

[X] Retaliation for _____

If you checked "retaliation," have you ever previously filed a charge with EEOC or another civil rights agency or complained to your employer about discrimination?

[X] No [ ] Yes –If yes, please explain: _____

_____

_____

_____

## COMPLAINT INFORMATION

For any block(s) that you checked above, describe the harm and how you feel you were discriminated against. Include names and job titles of all those involved, and the dates you were harmed.

A group of 9 Employees were terminated without cause all were above the age of 40 Jobs were advertised the next day after receiving termination letter.

_____

_____

_____

_____

_____

_____

What reason(s) did your employer give for the action(s) taken against you? Or, what do you believe the employer will tell the EEOC? Was told it was without

Cause. Various untruths

_____

_____

_____

_____

-3-

**Name others who were treated like you:**

| NAME | JOB TITLE | RACE/NATIONAL ORIGIN/RELIGION | SEX | AGE |
|------|-----------|-------------------------------|-----|-----|
| Joyce Freeman | | | | |
| Monica Wilson-Green | | See Attachment | | |
| Linda Cruz-Packer | | | | |
| Janice Ruffin | | | | |

**Who are your witnesses?**

| NAME | JOB TITLE | ADDRESS/PHONE# |
|------|-----------|----------------|

1. Rodney Henderson    Shift Commander    202-302-2856

What will #1 tell us? That I had been harrassed and ridiculed by Administrators

2. Roger Bell    Corrections Officer    202-674-6029

What will #2 tell us? That I was disliked by Administrators for doing my Job

3. Micheal Gamboa    202-482-1641

What will #3 tell us? That I was being Harrassed on daily basis

**Does the employer you named above require people to pass any of the following before hiring the person:** (Check all that apply, if known)

a. A written test?         yes         Yes

b. A credit check?         No          Yes

c. A background investigation?   yes   Yes

**Have you sought help about this problem from any agency, union, attorney, or any other source?**

[X] No   [X] Yes – If yes, from whom and when?  I went to F.O.P Lodge

**Have you filed a complaint about the action you think was discriminatory with any other federal, state, or local government anti-discrimination agency?**

[X] No   [ ] Yes – If yes, name of agency _____ Date: _____

Results if any: _____

-4-

*I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and understanding.*

X _____       X _____11-6-06_____
       Signature                              Date

Privacy Act Statement:

This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal date are given below.

    1. Form Number/Title/Date: Form 283, Intake Questionnaire, 10/94.

    2. Authority: U.S.C. 2000(e)(9), 29 U.S.C. 201, 29 U.S.C. 621

    3. Principal purposes: Provides information from the Charging Party relevant to filing a charge of discrimination.

    4. Routine uses: This questionnaire is used to make an official determination whether facts exist to prepare a charge of discrimination.

    5. Whether disclosure is mandatory or voluntary and effect on individual for not providing information: Voluntary. Failure to provide this information may affect whether the Commission processes your claim further.

Revised 6/06

-5-